Wolley *v.* Bowie.

(Miss.) 273; 2 S. &. M. 541; 27 Miss. R. 473; 4 How. (Miss.) 113.

*Jarnagin & Rives* for defendant in error.

--------◆--------

ANN WOLLEY *v.* F. J. BOWIE.

1. PROCESS: RETURN "DULY EXECUTED."—A return of "duly executed" upon a summons is insufficient, and a judgment by default taken upon such a return is erroneous.
2. CIRCUIT COURT: ACTIONS NOT LOCAL WHERE BROUGHT.—All civil actions must be commenced in the Circuit Court of the county in which the defendants, or any of them, may be found, except where otherwise provided by statute. Rev. Code. 483, art. 32.
3. SAME: SAME: EFFECT OF A DISSMISSAL WHEN NONE OF DEFENDANTS FOUND IN THE COUNTY WHERE SUIT IS BROUGHT.—When an action is commenced against several defendants none of whom are found in the county in which the suit is brought, but duplicate writs for other defend-

ants found in other counties, are returned properly executed, the dimissal of the suit as to the defendants in the county where the suit is brought, and upon whom process has not been executed, will oust the court of its jurisdiction of the cause.

ERROR to the Circuit Court of Copiah county.    Hon. John E. McNair, judge.

*A. L. Dabney* for plaintiff in error.
*D. Shelton* for defendant in error.

ELLETT, J., delivered the opinion of the court.

The return of service on the defendant Ann Wolley, " duly executed," was not sufficient to justify the judgment by default against her.

There is also another error more fatal, for it cannot now be cured.    The writ to Copiah county was returned " not found." Ann Wolley was served with a duplicate writ issued to Hinds county.    The suit was dismissed as to the other defendants, and judgment taken against her alone.

None of the defendants having been found in Copiah county, this dismissal ousted the court of its jurisdiction of the cause. Rev. Code. 483, art. 32.

The judgment will be reversed, and judgment entered here dismissing the case for want of jurisdiction, which judgment ought to have been entered in the court below.