David Andrews et al. *v.* W. A. Powell.

---

DAVID ANDREWS *et al. v.* W. A. POWELL.

1. ACTIONS IN WHAT COUNTIES TO BE COMMENCED : WHERE DEFENDANTS FOUND IN ACTIONS NOT LOCAL : FREEHOLDER MAY CHANGE VENUE.— Actions, not local, must be commenced in the county where one or more of the defendants may be found. If a freeholder, resident in this State, shall be sued in any action, not local, out of the county of his freehold and residence, the venue shall be changed to the county of his freehold and residence. 5 How. 425; *Woolley* v. *Bowie*, 553.

2. REMOVAL OF DEFENDANT TO ANOTHER COUNTY AFTER COMMENCEMENT OF ACTION.—Where the defendant, after the commencement of a suit, and before the service of process upon him, removes into another county, the plaintiff may have a *testatum* writ to the county to which the defendant has removed.

ERROR to the Circuit Court of Monroe county. Hon. W. D. Bradford, judge.

*Sadler & Murphy,* for plaintiffs in error, contended :

That the statute requires that all civil actions shall be commenced in the Circuit Court of the county in which the defendants or some one or more of them *may be found,* except

where otherwise provided, &c.   See Revised Code, page 483, art. 32.

This is not one of the excepted cases.   The first process in all civil actions, except where otherwise provided, shall be a summons, directed to the sheriff *of the county in which the action is instituted,* &c.   See Revised Code, page 488, art. 61.

The suit was commenced in Monroe county.   Neither of the defendants *could be found* in Monroe.   Neither of them *had any usual place of abode* in Monroe, or the writs issued thereto could have been executed in that county.   See Revised Code, page 489, art. 64.

The pretended writ that was directed to the sheriff of Chickasaw *was unauthorized by any statute,* law, or precedent, and was void ; and it follows of course that the service thereof was also void.   It did not amount to a legal notice to the defendants below of the existence or the pendency of an action against them in the Circuit Court of the county of Monroe. They were not bound, therefore, to answer the said pretended summons.   Allow this sort of judgment to stand, and any plaintiff who may reside in one corner of the State may sue the defendant in his own county, although the defendant may reside in the other extreme of the State, thereby putting the defendant to extraordinary inconvenience and trouble, to say the least of it.   The statute means something, or it becomes a mere dead letter.   But I am told it was a *" branch alias."*   It cannot be that the defendant in error, in calling this a *" branch alias,"* intends to say that it is the *duplicate writ* authorized by art. 66, page 489, of the Revised Code ; for upon examination the court will find that it possesses none of the requisites of the *duplicate writ* there authorized.   The defendants seem both to have resided in the same county, for they were both found in Chickasaw, and the writ and alias issued to Monroe were both returned *" not found."*   But, again, I am told that it is a " testatum writ," and authorized by art. 67, page 490, Revised Code.   But I ask the attention of the court to said art. 67, and then request them to turn to the writ and tell me if there is not something wanting in it to make it come up to

David Andrews et al. *v.* W. A. Powell.

the testatum writ there authorized. Is there any notice therein *certified* that the defendants, after the commencement of this suit, *had removed* into Chickasaw county? As to the requisites of a testatum writ, we would respectfully refer your Honors to 2 Burrill's Law Dictionary, 525, title Testatum Writ. The record shows that the writ sent to the sheriff of Chickasaw contained no clause showing a state of facts authorizing the issuance thereof; nor, indeed, would the facts have warranted such a clause. Taking, then, all the articles, and construing them together as the law of this State, we come to this conclusion: That the said defendants in the court below should have been sued in the county in which they *were to be found;* with this exception only, that if a freeholder *be found and sued* in any action, not local, out of the county of his freehold and residence, the venue shall be changed, &c. (art. 32, page 483); but we are here clearly of opinion, that even in this case he must first *be found in the county where the suit or action is commenced*, or the service will not be legal.

Very often a freeholder is out of the county of his residence, and an action may be commenced against him under such a state of facts, and inasmuch as it would cause great inconvenience to the party thus caught away from his residence, the legislators put this exception or provision to art. 32. This, however, but goes further to confirm us in our position, that the statute did not intend that these defendants should be sued out of the county in which they were found; that the writ sent to Chickasaw was improperly issued, the service illegal, and the judgment rendered thereon illegal and void. The record does not show whether the defendants below were *freeholders or not*, or whether or not they did really reside in Chickasaw county. It will be observed, that if they were not *freeholders* they could not have applied, successfully, to have the venue changed. The statute did not intend that a defendant, because he was *no freeholder*, should be dragged to any remote part of the State to defend his cause.

*Houston & Reynolds* for defendant in error.

The errors assigned present the question, whether or not an action can be commenced in the Circuit Court of a county where none of the defendants are found.

The action was brought by defendant in error against plaintiffs in error, in the Circuit Court of Monroe county. Process was issued, directed to the sheriff of that county, which was returned as to all of the defendants in the court below, "not found in my county." An alias summons was issued to the sheriff of Chickasaw county, which was returned properly executed as to both defendants. At the term of the court to which the last summons was made returnable, a judgment by default was taken.

Counsel for plaintiffs in error take the position that the Circuit Court of Monroe had no jurisdiction of the parties, because neither of the defendants was found in that county.

The Circuit Court Act, Rev. Code, 483, art. 32, provides that all actions shall be commenced in the county in which the defendants, or any of them, may be found, except in certain actions; but if a freeholder, resident in this State, shall be sued in any action not local out of the county of his freehold and residence, the venue shall be changed, *on his application*, to the county of his freehold and residence.

The conclusion to be drawn from a consideration of the entire article is, that if a party is sued out of the county of his residence and freehold, he may have the venue changed. The fact that the process is issued from a Circuit Court of a different county from that in which he is found by the sheriff, does not deprive the court whence the process is issued of jurisdiction, but simply gives the right to the defendant, if he be a freeholder, to have the venue changed to the county of his residence and freehold. This is the construction placed on a similar statute in one of the earliest decisions of this court. *Spain* v. *Winter*, Walker's Reports.

The remedy of plaintiffs in error was to have made application to the court below for a change of venue. Having, by their laches and neglect, failed to present their defence, they are concluded thereby, and this court will not relieve them.

David Andrews et al. *v*. W. A. Powell.

But even if we are in error as to the construction of the act above referred to, still there is no error in the action of the court below. The court will observe, that the first summons was directed to the sheriff of Monroe county, and returned "not found." Subsequently, a summons was issued and directed to .the sheriff of Chickasaw county, which was returned properly executed on both defendants. The private fact is, and one which the record does not and *could not show*, that the defendants after the commencement of the suit removed from Monroe to Chickasaw county. The Circuit Court act provides that "when the defendant shall not be found, the plaintiff may sue out an *alias* or *pluries* summons until the defendant shall be served, or he may have a *testatum writ* to another county, where the defendant after the commencement of the suit shall have gone into another county." Rev. Code 490, art. 67.

The fact of removal of the defendants after the commencement of the suit does not appear of record. If it did so appear, there would be no question that 'the court below properly assumed jurisdiction, and that the judgment by default was properly taken. But it is a well-established rule of law, that every fact is presumed to exist, which was necessary to give the court below jurisdiction, that every presumption will be indulged in favor of the validity of the action of courts of general jurisdiction. Hence, if it be necessary to give validity to the action of the court below, this court will presume that the defendants removed from the county of Monroe after the commencement of the suit. This presumption being indulged by this court, there is no question as to the validity and correctness of the judgment in the court below. *Cannon* v. *Cooper*, 39 Miss., 784; *Root* v. *McFerin*, 37 Miss. 46; *Cason* v. *Cason*, 31 Miss. 578; *Duncan* v. *McNeil*, 31 Miss. R. 705. But it may be urged that the writ which was issued to Chickasaw county and served on the defendants, was not a *testatum* writ, and that therefore we cannot invoke the provisions of art. 67, p. 490, Rev. Code, in our behalf.

A testatum writ is one which is issued after an original writ, and is directed to the sheriff of a different county, and recites the original writ and testifies (*testatum*) that the defendant can-

not be found in the county whence the original writ issues. 2 Bouvier's Dictionary, 582; 2 Burrill's Law Dictionary, 525.

It will be seen by an examination of the summons that it recites that it is a " branch alias writ." An alias writ presumes an original of the same tenor and effect; and the issuance of it presumes that the defendant was not served with the original, and the direction of it to the sheriff of Chickasaw county is evidence that the defendant will be found in that county. Though this writ does not recite all the facts usual in a testatum writ, yet, from what is in this writ, they may be presumed and intended.

But even if this writ had none of the requisites of a testatum writ, yet it would be simply a defect in the writ, and is cured by our statute of jeofails. " No judgment by default shall be reversed *for any defect in the writ.*" Rev. Code, 508, art. 181.

PEYTON, J., delivered the opinion of the court.

The defendant in error instituted suit in the Circuit Court of Monroe county against the plaintiffs in error. Process was issued, directed to the sheriff of that county, which was returned, as to both the defendants in the court below, " not found in my county ; " whereupon a summons was issued to the sheriff of Chickasaw county, which was returned properly executed as to both defendants. At the term of the court to which the last summons was made returnable, a judgment by default was taken against the defendants below, to reverse which this writ of error is prosecuted by the plaintiffs in error, who assign for error, the rendition of judgment against the defendants below, when it appeared on the face of the record that they were not sued in the county in which they were found.

It is insisted by counsel for defendant in error that this case comes within article 67 of the Rev. Code, 490. And that the court being one of general jurisdiction, it is to be presumed in support of the judgment, that the plaintiffs in error went into Chickasaw county after the commencement of the suit, and that the court acted upon evidence of that fact. Such a presumption would defeat the very object and purpose of the statute, and let in the evils intended to be provided against.

David Andrews et al. *v.* W. A. Powell.

The statute provides that all civil actions shall be commenced in the county in which the defendants, or any of them, may be found, except otherwise provided, and except actions of ejectment, and actions quare clausum fregit, which shall be brought in the county where the property is situated; and in such cases process may be issued against the defendant to any other county; but if a freeholder, resident in this State, shall be sued in any action, not local, out of the county of his freehold and residence, the venue shall be changed, on his application, to the county of his freehold and residence. Revised Code, 483, article 32.

Except in local actions, the defendants are to be sued in the county in which they may be found, and the venue can be changed only by a freeholder, upon his application, sustained by satisfactory proof, stating the county of his freehold and residence.

The question which properly arises on the facts contained in the record is one of jurisdiction. The record shows that neither of the defendants in the court below was found in Monroe county, since the sheriff of that county returned "not found" as to both. And the writ of summons issued to the sheriff of Chickasaw county, is an original writ, and not a testatum writ.

Had it been a testatum writ, directed to the sheriff of Chickasaw county, after the usual form in the body of the process, it would have concluded in language like the following: "And whereupon the sheriff of Monroe county hath made a return to said court, at a certain day now past, that the aforesaid David Andrews and John E. Tucker are not found in his county; and thereupon it is testified in said court, that the aforesaid Andrews and Tucker are in your county." Upon a return of non est inventus, the court must be satisfied by testimony that the defendant after commencement of the suit had gone into another county, before such writ can properly issue.

This question has been before this court on former occasions. In the case of the *Bank of Vicksburg* v. *Jennings et al.*, 5 How. 425, the suit was brought in the Circuit Court of Warren county. A writ was issued against all the defendants, directed to

the sheriff of Warren county, and at the same time a duplicate writ issued to the sheriff of Hinds county. The writ to the sheriff of Warren was returned "not found" as to all the defendants; the duplicate to the sheriff of Hinds was returned properly executed on all the defendants. Upon the return of the writs to the court, a judgment by default was taken, which on a subsequent day of the term was set aside, and the cause dismissed for the want of jurisdiction. And this judgment of dismissal was affirmed by this court. In the case of *Woolley* v. *Bowie*, MS., this court has, in effect, decided that a sole defendant cannot legally be sued, out of the county in which he is found; and that a judgment by default against him, in such a case, cannot be sustained for the want of jurisdiction.

As the evidence upon which the orders and judgments of courts of general jurisdiction are founded, is not necessarily a part of the record, had the process, which issued to the sheriff of Chickasaw county, been a testatum writ, it would, primâ facie, have been sufficient to sustain the judgment, on the ground of the presumption of law in favor of judgments of courts of general jurisdiction. But as the process to bring in defendants, who shall have gone into another county after the commencement of the suit, is required by the statute to be a testatum writ, such presumption cannot be indulged in this case, without a contradiction of the record, which clearly shows that the process to Chickasaw county to be served on the plaintiffs in error, was not a writ of that character.

The facts as presented by this record show that the court below had no jurisdiction of the plaintiffs in error.

We are, therefore, of opinion that the court below erred in rendering judgment against them.

The judgment will be reversed, and judgment entered here dismissing the case for want of jurisdiction in the court below.