J. B. PATE ET AL. *v.* C. E. TAYLOR, ADMR.

1. VENUE. *Jurisdiction. Chancery court.*

Where an administrator, at a sale, directed to be made for cash, delivers personalty of an estate which the purchaser fails to pay for, the chancery court of the county in which the administration is pending cannot entertain a suit for the price, the defendant not residing in the county and not being found therein.

2. SAME. *Sections* 1834 *and* 1847, *code* 1880.

Such a case does not come within the provisions of § 1834, and the latter part of § 1847, of the code, authorizing certain suits touching the administration of an estate to be brought in the chancery court where the estate is being administered.

FROM the chancery court of the second district of Panola county.

HON. J. G. HALL, Chancellor.

The appellee, C. E. Taylor, was administrator of an estate in Panola county. At a sale made by him as such administrator, J. B. Pate & Co., merchants, doing business at Water Valley, Yalobusha county, bought certain personal property, amounting in value to two hundred and eighteen dollars and twenty-five cents. The sale was made some distance from the railroad, and the property was delivered to the purchasers on their agreeing to deposit the purchase-money in

the bank at Water Valley to the credit of the administrator. The money was so deposited and a certificate accordingly was given to the administrator. For some reason, the amount was not paid, and the administrator filed a petition in the chancery court of Panola county, in which the administration of the estate was pending, alleging the above facts. Pate & Co. and the Bank of Water Valley were made parties defendant and a decree was asked for the amount of the purchase-money. The residence of the defendants is not stated, but it is alleged that the place of business of each was in Water Valley. The defendants demurred, and from a final decree in favor of the administrator this appeal is prosecuted.

*I. T. Blount,* for appellants.

The defendants not residing in nor being found in Panola county, the court had no jurisdiction. Section 1834 of the code does not give to the chancery court of that county jurisdiction to bring in people from all parts of the state to litigate, simply because the estate is being administered there. That section confers jurisdiction on the chancery court in cases involving an execution of the trusts of the administrator and in some others; but there was no more authority to entertain this suit than there would be in an action of replevin to recover possession of personal property of the intestate.

*S. C. Cook,* for appellee.

The jurisdiction of the chancery court in matters of this character is fixed by the statute, and it is only considered necessary to refer to the same as authority for this suit.

ARNOLD, C. J., delivered the opinion of the court.

The suit was commenced in the second district of the chancery court of Panola county, but it is not alleged or shown that either of the defendants resided or were found in that county. It is alleged in the petition that each of the defendants was doing business in Yalobusha county, and it appears from the record that both of them were found and summoned in the latter county. In this state of facts, the court below was without jurisdiction. To maintain such suit it was necessary that the defendants or one of them

should have resided or been found in the county where the suit was brought. *Wolley* v. *Bowie,* 41 Miss. 553; *Andrews* v. *Powell,* Ib. 729; code, § 1847. Neither § 1834 nor the latter part of § 1847 of the code applies in such case, because the suit was not brought on a claim or demand against the estate nor against the administrator touching the performance of his official duty, nor for the payment of legacies, nor for distribution among heirs and distributees, nor to enforce liability on a bond or obligation required by law and taken in the progress of the administration of the estate. *Hunt* v. *Potter,* 58 Miss. 96.

The demurrer to the petition should have been sustained.

*The decree is reversed, the demurrer sustained, and the petition dismissed.*