## C. N. D. CAMPBELL *v.* N. D. TRIPLETT.

1. JURISDICTION.   *Attachment.   Judgment in personam.*

   A judgment for the debt in attachment should be set aside for want of jurisdiction when there has been no levy upon property or garnishment in the county where the action was brought, although an alias writ of attachment has been served upon the defendant, as a summons, in another county, where he resides.

2. SAME.   *Venue.*

   The venue of actions *in personam* is ''in the county in which the defendants, or any of them, may be found.''

FROM the circuit court of Winston county.

HON. A. G. MAYERS, Judge.

The original writ of attachment herein, issued in 1891, was returned by the sheriff of Winston county ''No property found. Defendant not found in my county.'' A similar return was made on an alias writ issued to Attala county; and an alias writ issued to Leflore county was returned ''No property found,'' but the defendant, Campbell, was summoned in the last mentioned county, which is and then was his place of residence. At a subsequent term of the circuit court of Winston county, in January, 1893, a judgment by default for the indebtedness was entered against the defendant; and afterwards, in January, 1896, the defendant, by his petition, setting

forth the above facts, applied to the court to set aside and vacate the judgment for want of jurisdiction. The plaintiff, Triplett, demurred to the petition, and, his demurrer having been sustained, this appeal was prosecuted.

*Calhoon & Green*, for the appellant.

1. The jurisdiction of actions commenced by attachment attaches only upon a levy on property or service of garnishment. Either the defendant himself or his property or debts must "be found" in the county of trial to warrant any valid judgment, and property or debts are essential. *Barnett* v. *Ring*, 55 Miss., 97; code 1892, § 133; *Crizer* v. *Gorren*, 41 Miss., 564; *Smith* v. *Mulhorn*, 57 *Ib.*, 591; *Baum* v. *Burns*, 66 *Ib.*, 127. Defendant was under no obligation to appear and plead until jurisdiction had attached by levy on property or service of garnishment.

2. Code 1892, § 650, has no relevancy to cases by attachment. See cases *supra*, and *Jefferies* v. *Harvie*, 38 Miss., 97; *Roy* v. *Heard*, 38 *Ib.*, 544.

*Coleman & Somerville*, on the same side.

1. There was no levy upon property or service of garnishment, and, in consequence, the suit failed, and should have been dismissed for want of jurisdiction. Code 1892, § 133; *Baum* v. *Burns*, 66 Miss., 127.

2. As the defendant was never before the circuit court prior to judgment, there was no reason why he should avail of § 650, code 1892, providing for a change of venue to the county of his residence.

*Jones & Hughston*, for the appellee.

A suit in attachment is both a proceeding *in rem* and *in personam*. Indeed, it is two suits, and the one is independent of the other to the extent, at least, that there may be a recovery of the debt although there was no ground of attachment. Code

1892, §§ 172, 4.    The defendant should be taken to have waived his right to remove the suit to the county of his residence under § 650, code 1892.    *Christian* v. *O'Neal*, 46 Miss., 669; *Cain* v. *Simpson*, 53 *Ib.*, 521.    The case of *Baum* v. *Burns*, 66 Miss., 127, is distinguishable from the present controversy by the fact that in that case there was a plea in abatement to give the jurisdiction and localize the action, while here there was merely a judgment on the merits without action on the grounds of attachment.    The petition fails to show that the defendant resided in Leflore county when the action was commenced, as contradistinguished from the date of service of the writ upon him.

COOPER, C. J., delivered the opinion of the court.

None of the writs of attachment were served as such, and as writs of attachment they go for naught; no jurisdiction in the cause was therefore secured by seizure of the property of the defendant.    The writ, as a summons, was served upon the defendant in another county, and on this service the circuit court of Winston county rendered judgment by default against him. The court had no jurisdiction over defendant, and the motion to vacate the judgment should have been sustained.    The venue of civil actions of this class is in the county "in which the defendants, or any of them, may be found," and if no defendant is served with process in the county in which the suit is brought, the jurisdiction of the court does not attach.    *Wolley* v. *Bowie*, 41 Miss., 553; *Pate* v. *Taylor*, 66 *Ib.*, 97.

*The judgment is reversed, the motion sustained to vacate the original judgment and the cause dismissed.*