## COOK *v.* PITTS.

[74 South. 777, Division B.]

PROCESS. *Transitory action. Statute.*

Under section 707, Code 1906, so providing, actions other than local must be commenced in the county in which the defendants or some one of them may be found and jurisdiction of the court does not attach where defendant is served with process from a county other than his residence. In such a case a change of venue should be granted the defendant.

APPEAL from the circuit court of Sunflower county.
HON. FRANK E. EVERETT, Judge.

Suit by W. T. Pitts against E. B. Cook. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*H. C. Mounger,* for appellant.

Cook was not a resident of Sunflower county, when the suit was filed, and was served at his home in Sharkey county. This court had no jurisdiction to enter any judgment, or to take any step in the case, after the motion for a change of venue was made. Section 707, Code 1906, and authorities, especially *McLeod* v. *Shelton,* 42 Miss. 517.

"On the showing made by the defendant, plaintiff in error, the court should have changed the venue; the statute is imperative and leaves no discretion to the court in such a case and it was error to refuse it." *McLeod* v. *Shelton,* 42 Miss. 519, near bottom of page.

This disposes of the objection that it was a matter of discretion with the court and that the court once having passed on it, the supreme court could not disturb it. Counsel seems to have confused the change of venue from a court which originally has jurisdiction to another county on account of local prejudice and in a criminal case.

"The testimony introduced by the defendants in error was irrelevant, and should not have had any weight with the court in the decision of the motion; there was nothing in it to give the court jurisdiction of the case." Same, p. 519.

In *Campbell* v. *Triplett,* 74 Miss. 367, the court says: "The writ as a summons was served upon the defendant in another county and on this service the circuit court of Winston county rendered judgment by default against him. The court had no jurisdiction over defendant, and the motion to vacate the judgment should have been sustained.

*Watkins & Watkins,* for appellant.

This case depends for its proper solution upon the construction of section 707 of the Code of 1906, amended

chapter 166, Laws of 1908, dealing with the question of venue in the institution of suits in circuit courts in Mississippi, the last clause in the original and amended statute being as follows:

"If a citizen, a resident in this state, shall be sued in an action not local, out of the county of his household and residence, the venue shall be changed, on his application, to the court of his household and residence."

The positive and unambiguous terms of the statute would seem to call for no construction. It is only necessary to let plain English words have their usual and ordinary meaning. That the section is mandatory, imposing a positive duty upon the court, is not open to discussion. The statute, in practically its present form, has been part of our statutory law from the earliest history of Mississippi; was first construed in the case of *Spain* v. ——, I Walker, 153, and was held to be mandatory.

The statute was again construed in the case of *Mc-Leod* v. *Shelton,* 42 Miss. 517, cited in the original brief for the appellant in this case, wherein the court construed the statute to be mandatory.

It would appear that such a citation of authorities is sufficient. However, we will direct the attention of the court to the citations from other states dealing with the subject-matter.

Rule of construction. It is universally held that such statutes should be liberally construed, so as to guarantee to every citizen of the state the right to be sued in the county of his residence. *State* v. *Superior Court,* 111 A. S. R., 915; *Ramsey* v. *State,* 154 N. W. 828.

Other authorities: In 40 Cyc., page 183, the following rule is announced: "If the right to change a venue is absolute, upon an application, duly and properly made, a denial thereof is reversible error," citing *Miekle Printing Press Co.* v. *Arklaus,* 131 Ill. 461; *Evans* v. *Evans* (Ind.), 5 N. E. 24; *Burkett* v. *Holman* (Ind.), 3 N. E. 406; *Louisville R. R. Co.* v. *Martin* (Ind.), 47 N. E. 394; *Hewitt* v. *Follett* (Wis.), 8 N. W. 177; *Bond*

v. *Heard* (Mont.), 78 Pac. 579; *McDonnell* v. *Collins,*
19 Mont. 392, 48 Pac. 549; *Wood, Curtis Co.* v. *Herman
Mining Co.* (Cal.), 73 Pac. 588; *Ludington* v. *Gold &
Silver Mining Co.*, 88 Pac. 290; *Mills & Gibbs* v. *Starin,*
104 N. Y. S. ——; *Shepard & Morse Lbr. Co.* v. *Bur-
leigh,* 27 App. Div. 99, 50 N. Y. S. 135; *People* v. *Platt,*
117 N. Y. 166, 23 N. E. 937; *Washington* v. *Thomas,* 103
App Div. 423, 92 N. Y. S. 994; section 1, chapter 4, p. 3,
Laws 1891, as amended by section 1, chapter 472, p.
1103, Laws 1906; *Sylvester* v. *Lewis,* 55 App. Div. 160,
67 N. Y. S. 561; *North Shore Industrial Co* v. *Randall,*
108 App. Div. 232, 95 N. Y. S. 758; *Acker* v. *Leland,* 86
N. Y. 383; *Veeder* v. *Backer,* 83 N. Y. 156; *Gorman* v.
*South Boston Iron Co.*, 32 Hun. 71; *Herbert* v. *Griffith,*
2 App. Div. 566, 37 N. Y. S. 1098; *Phillips* v. *Tietjen,*
108 App. Div. 11, 95 N. Y. S. 469; *Upjohn* v. *First
Methodist Church,* 140 N. Y. S. 1104; *Campbell* v. *Trip-
lett,* 74 Miss. 367.

There can be no question about the fact that Mr. Cook
was a resident of the state of Mississippi.

*Moody & Williams,* for appellee.

That we take issue with counsel as to the statute in
question, section 707 of the Code, being mandatory. It
is perfectly clear that discretion must be vested some-
where, and, in the case at bar, an issue of facts was
raised, which was passed on by the court.

It has been held in Illinois that the granting of a
change of venue upon proper application in civil actions
is imperative, except where a counter petition is filed,
in which case the matter is discretionary with the court.
40 Cyc., page 118.

In this case the petition filed by appellant for a
change of venue was contested, and resisted, and an
issue of fact was made up and the circuit judge had the
witnesses before him, and after hearing them, he de-
cided against the appellant, and we insist that his find-

ing should not be reversed, under all of the authorities. The burden of proof in a case of this kind is on the party making the motion.

"On an application for a change of venue, the burden is upon the applicant to prove the facts entitling him to such change." 40 Cyc., page 165.

It is contended that the record shows that appellant had a fixed and permanent place of abode in Sharkey county, Mississippi, but we insist that the record does not show this, but, to the contrary shows that appellant was merely living temporarily in that county. We quote from the record: "Q. You are living there (in Sharkey county) temporarily? A. I don't know whether I am living there temporarily or not."

Having gone to trial, and judgment having been rendered against him on the merits, we insist that the case should not be reversed for the highly technical reason that appellant claims he should have been sued in some other court.

ETHRIDGE, J., delivered the opinion of the court.

W. T. Pitts, a real estate dealer in Sunflower county, Miss., filed suit against E. B. Cook in the district court of Sunflower county for the sum of two thousand, seven hundred and forty dollars and fifty cents, claimed as a commission due Pitts on the sale of real estate under a contract between Cook and Pitts, made an exhibit to the declaration, by which Cook engaged Pitts to sell certain real estate, and in which it was agreed that Pitts should sell the real estate for nineteen thousand eight hundred and ten dollars cash, the buyer to assume, in addition, a mortgage loan of thirty-five thousand dollars, and to have one year in which to make sale. The lands embraced one thousand, five hundred and sixty-six acres. In this contract, Cook reserved the right to sell the land himself, but it was provided that in event Cook should sell the land to a purchaser not procured by Pitts, the

latter was to receive a commission of five per cent. of the fifty-four thousand eight hundred and ten dollars consideration. This contract was signed on the 30th day of January, 1915, and on the 16th day of April, 1915, Cook conveyed the land in question to one Emma B. Due for a consideration of thirteen thousand five hundred dollars and the assumption by the buyer of the thirty-five thousand dollars mortgage on the property.

The suit was filed on the 1st of September, 1915, and on the 22d day of September Cook filed an affidavit in the cause, setting forth that he was a citizen of the state of Mississippi, a resident and householder of Sharkey county; that he was sued out of the county of his residence. Motion was made for a change of venue to Sharkey county, Miss., the county of his residence. On the motion for a change of venue, Cook testified that he moved to Sharkey county on the 28th or 29th of January, 1915, and had been living there ever since; that he was a householder of Sharkey county Miss., the head of a family, but on cross-examination stated that he did not know whether or not he was there temporarily or permanently. It appears from the evidence on the motion that Cook had sold the plantation upon which he was living in Sharkey county, but had reserved the use of it until the 1st of January, 1916, and was living in Sharkey county, and process was served on him in Sharkey county in this suit. It appears that Cook, in August 1915, made an affidavit in which he stated that he was a citizen of the state of Mississippi for more than two years last past, had been a resident of the Indianola precinct, Sunflower county, for more than one year, and that he was a white Democrat and entitled to vote in the state primary election. On this proof the motion for a change of venue was overruled. Thereupon the defendant filed a demurrer to the declaration, in which he challenged the sufficiency of the declaration on the ground that it did not show any consideration, or that any act or thing was done by the plaintiff under

the contract in question as a consideration for the contract. The demurrer was overruled, and the defendant applied for leave until the next term of court, or a later day of the then present term, in which to plead. The court overruled this motion, but allowed the defendant two or three hours in which to plead.

Defendant thereupon pleaded the general issue, and pleaded specially that there was no consideration for the contract sued on; that the plaintiff did not pay money or other valuable thing, or do any act under said contract as a part of said commission. Under this special plea issue was joined by consent.

Pitts was introduced, and testified that he advertised this property for sale in several places, and that he procured a party who would have purchased it but for the sale made by Cook. The defendant Cook offered no testimony on the merits of the case, and the court granted a peremptory instruction to find for the plaintiff for five per cent. on the sum of fifty-four thousand eight hundred and ten dollars; and from a judgment entered for said amount defendant appeals.

The question arises as to whether the case should be reversed because of the denial of the motion for a change of venue. We think it was error to deny the motion for a change of venue. Section 707 of the Code of 1906 reads as follows:

"Civil actions of which the circuit court has original jurisdiction shall be commenced in the county in which the defendant or any of them may be found, except where otherwise provided, and except actions of ejectment and actions of trespass on land, which shall be brought in the county where the land, or some part thereof, is situated; but if the land be in two or more counties, and the defendant reside in either of them, the action shall be brought in the county of his residence, and in such cases process may be issued against the defendant to any other county. If a citizen resident in this state shall be sued in any action, not local, out of the

county of his household and residence, the venue shall be changed, on his application, to the county of his household and residence."

In *Campbell* v. *Triplett,* 74 Miss. 365, 20 So. 844, Judge COOPER held that where an attachment was sued out in Winston county, but which was not served on any property in that county, and where the defendants were served in another county, and none of the defendants were found in the county where the suit was filed, the court did not acquire jurisdiction. He says:

"The venue of civil actions of this class is in the county 'in which the defendants, 'or any of them, may be found,' and if no defendant is served with process in the county in which the suit is brought, the jurisdiction of the court does not attach. *Wolley* v. *Bowie,* 41 Miss. 553; *Pate* v. *Taylor,* 66 Miss. 97 [5 So. 515]."

See, also, *Spain* v. *Winter,* Walk. 152; *McLeod* v. *Shelton & Minor,* 42 Miss. 517.

Judgment of the court below will be reversed, the motion for change of venue sustained, and the cause remanded to the circuit court of Sharkey county for further proceedings.

*Reversed and remanded.*