PERRY *v.* NOLAN & MARIS.

(Division A.   Dec. 8, 1930.)

[131 So. 253.   No. 28951.]

**Vollor & Kelly**, of Vicksburg, and **Wells, Jones, Wells & Lipscomb**, of Jackson, for appellant.

**McGowen, J.**, delivered the opinion of the court.

The declaration in this case was filed by a corporation, Nolan & Maris, against Frank Payne, Inc., a Mississippi corporation, with its principal place of business in the First district of Hinds county, Mississippi, and J. R. Perry, a resident citizen of the county of Warren, in this state, in an action for debt. The suit is based upon an open account. The declaration, to which the open account

was attached as Exhibit A, did not allege or disclose where the cause of action accrued. The open account was by Frank Payne, Inc., transferred to Nolan & Maris, and is against the Perry Lumber Company as debtor. The assignment is in writing, and the assignee guarantees to the assignor the payment of the account assigned.

Process was issued and served on Frank Payne as an individual. No process was served upon Frank Payne, Inc. Process was served upon the defendant J. R. Perry in Warren county, and made returnable to the September term of the circuit court of Hinds county, where a judgment by default was rendered against Frank Payne, Inc., and J. R. Perry. Thereafter execution was issued against Perry to Warren county, and subsequently thereto, at a succeeding term of the court, Perry appeared in the circuit court of Hinds county and moved to quash the writ of execution and to vacate the judgment as void, because rendered without process upon any defendant in Hinds county.

On the hearing of this motion there was some evidence offered, and the plea of the general issue was tendered with the motion. Then and there Frank Payne, Inc., entered its appearance in court and waived all errors so far as it was concerned, entered its appearance, and consented that the judgment heretofore rendered and entered be made valid and binding upon it in all respects.

The court overruled the motion of the appellant, J. R. Perry, and he appeals here.

Section 500, Hemingway's 1927 Code. Laws of 1926, chapter 155, controls the decision in this case. the applicable part of which is: "Civil actions of which the circuit court has original jurisdiction shall be commenced in the county in which the defendant or any of them may be found, and if the defendant is a domestic corporation, in the county in which said corporation is domiciled, or in the county where the cause of action may occur or accrue except where otherwise provided," etc. We are

not called upon here to construe the latter part of the above quotation, for the reason that this declaration contains no allegation as to where the cause of action accrued. There being not even a hint or a suggestion of service of process upon Frank Payne, Inc., as a corporation. in any manner, it follows that there was a judgment by default by the circuit court of Hinds county against J. R. Perry, alleged and shown to be a resident citizen of Warren county.

The judgment was voidable, if not void. in this state of the record. Frank Payne was served with process as an individual; the summons was addressed to him as an individual. Service upon him as an individual only was had, and he was not a party to the record in any way, and therefore. the court had no jurisdiction of Perry, a resident of Warren county, Mississippi. This precise question seems to have been settled long ago. See Bank of Vicksburg v. Jennings. 5 How. 425; Ann Wolley v. F. J. Bowie, 41 Miss. 553; David Andrews et al. v. W. A. Powell, 41 Miss. 729. In Campbell v. N. D. Triplett. 74 Miss. 365, 20 So. 844, this court held: "If no defendant is served with process in the county in which the suit is brought, the jurisdiction of the court does not attach."

The court below should have sustained the motion to quash the execution and to vacate the judgment theretofore rendered.

Reversed and remanded.