## HAWKINS *v.* HAWKINS.

In Banc. March 27, 1950.

No. 37429 (45 So. (2d) 271)

S. W. Craft, for appellant.

**Will S. Wells,** for appellee.

**Hall, J.**

Appellant brought suit against appellee for a divorce, for custody of their minor child, for alimony and attorney's fees, and sought a lien upon certain land owned by him in this state. A final decree was entered on September 28, 1948, granting the relief prayed for. The original bill showed that appellee was a nonresident of this state and gave his post office and street address as required by the statute, Code 1942, Section 1852, and the only process upon him was by publication.

On October 26, 1948, after the adjournment of court, appellee filed a petition for an appeal to the Supreme Court, obtained a vacation order granting the same, and on the same date filed his supersedeas bond for such appeal. Why the record on appeal was not sent up to this court does not appear, but on March 19, 1949, after the events hereinafter mentioned, appellee filed with the chancery clerk a motion to dismiss his appeal and an order of dismissal was entered by the chancery clerk in vacation on the same date. We mention this procedure not as sanctioning the abortive effort to thus dismiss an appeal to this court, but for the purpose of disclosing that the appellee thereby kept the decree in abeyance for a period of nearly five months.

On January 21, 1949, appellee filed a bill of review and therein prayed for a review of said original decree for error apparent upon the face of the record in that the chancery court was without jurisdiction in said suit to award custody of the child, alimony, attorney's fees and a lien, upon process by publication. On March 19, 1949, appellant demurred to said bill of review, the demurrer was on that date overruled, the appellant filed

a motion for a rehearing of the whole case presented by the original bill of complaint, and the chancellor overruled that motion and forthwith without further proceedings entered a final decree upon the bill of review whereby the original decree was reformed and corrected so as to eliminate therefrom all relief granted except a divorce.

The motion of appellant for a rehearing of the whole cause charged that there were equities between the parties which were not disposed of, that both parties were then within the jurisdiction of the court, that neither had remarried and that the rights of neither would be infringed upon by such rehearing, that by such rehearing a decree could be entered which comports with good conscience, that the filing of a further suit would be dispensed with and that time and expense would be thereby saved.

The grounds for divorce alleged in the original bill were habitual cruel and inhuman treatment and adultery, and in the original decree the court found that both grounds were strongly supported by the proof.

In the case of Forbes & Beck. v. Navra et al., 63 Miss. 1, this court held that where a party appears after judgment and moves to discharge the judgment on the ground of insufficient process or notice, he thereby submits himself to the jurisdiction of the court, and the court, in discharging the judgment previously taken, should render the proper judgment against him. This seems to be the general rule elsewhere, as to which see 3 Am. Jur. p. 806, Appearances, Sec. 37. The appellee here appeared and invoked the action of the chancery court for his benefit and by so doing he submitted himself to the general jurisdiction of that court.

In the case of Knowland v. Sartorious, 46 Miss. 45, 55, this court said: "The appellant seeks to bind the appellees by a decree, which, without an amendment of the record upon which it is based, cannot be sustained. Seeking to amend that record at the very moment the

parties interested are knocking to be heard in that case, it would be strange indeed if the record should be amended at such a time in a vital particular, at least, without first opening the decree to those parties for a full defense. 'He who seeks equity must do equity,' is an honored rule, and it may be affirmed as equally just, that he who asks a court to hold parties concluded by a record, yet is compelled to ask the aid of the court to amend that record, to render it effective for any purpose, ought, in equity, to yield an equivalent, in the discretion of the court, according to the justice of the case, to the other party.''

The position of appellant in the last cited case is much the same as the position of appellee in the case at bar. He seeks the aid of a court of equity by his bill of review but is unwilling to have the court do full equity in the matter which can only be accomplished by a rehearing of the whole case.

In Griffith's Mississippi Chancery Practice, Sec. 635, p. 734, in discussing bills of review for error apparent upon the face of the record, Judge Griffith says ''If the demurrer be sustained the bill of review will thereupon be dismissed. If overruled the decree attacked will thereupon stand open, so that the original cause may be proceeded with de novo, as if the original decree had been reversed by the Supreme Court and the cause remanded for further proceedings.'' The case of Enochs v. Harrelson, 57 Miss. 465, cited by Judge Griffith, fully supports the rule announced by him. That case was cited with approval in the recent case of Todd v. Todd, 197 Miss. 819, 830, 20 So. (2d) 827, where a decree was reversed and this court said that the extent of a reconsideration of the issues should be worked out by the trial court in the light of what was said in Enochs v. Harrelson.

While it may not in every case involving a bill of review be necessary to reopen the whole matter, yet in the case at bar we feel that every equity is on the

side of the wife at least to the extent of granting her a rehearing upon such portions of her original bill as the court has under its jurisdiction in view of appellee's entry of appearance. If the child is still in Louisiana, as alleged in the original bill, the lower court does not have jurisdiction sufficient to award its custody, Kincaid v. Kincaid, Miss., 43 So. (2d) 108, not yet reported in the State Reports, but it certainly now has jurisdiction over every other portion of the relief sought, and the case is accordingly reversed and remanded for a rehearing upon the merits.

Reversed and remanded.