BRYANT *v.* LOVITT, et al.

No. 40531        October 28, 1957        97 So. 2d 730

*W. Arlington Jones,* Hattiesburg, for appellant.

*Edward J. Currie, Sr., Edward J. Currie, Jr.,* Hatties-burg, for appellee.

Roberds, P. J.

On July 2, 1955, Norman Lovitt and David Lovitt, residents and citizens of Forrest County, Mississippi, doing business as partners in said county, filed a declaration in the county court of that county against Edward Bryant, seeking to recover a personal judgment against Bryant for the value of certain merchandise the Lovitts claim to have sold Bryant and for which he had not paid. The declaration stated that Bryant was ''an adult resident citizen of Mississippi on whom process of this court may be served.'' As a matter of fact Bryant was a resident citizen and householder of Jones County, Mississippi. The Lovitts knew that. No summons issued to Bryant to Forrest County. Summons did issue for him to Jones County, Mississippi, and was there served upon him by the deputy sheriff of Jones County leaving a copy of the summons with Bryant's wife as provided by the ''Second'' method of serving summons under Section 1859, Miss. Code 1942. Bryant did not appear in response to the summons. In fact, he claims he did not know the suit had been brought nor that the summons had issued. On November 14, 1955, judgment by default was taken against him for $838.58.

■■ ■ Bryant contends, on this appeal, that he was not subject to suit in this type of action in Forrest County; that he had the right to be sued in the county of his residence and household, as provided by Section 1433, and that the judgment against him is void. In this contention we think he is correct. Cain v. Simpson, 53 Miss. 521; Cook v. Pitts, 114 Miss. 39, 74 So. 777; Howard v. Ware, 192 Miss. 36, 3 So. 2d 830; Pate v. Taylor, 66 Miss. 97, 5 So. 515; Christian v. O'Neal, 46 Miss. 669; Perry v. Nolan and Maris, 159 Miss. 384, 131 So. 253; Bank of Vicksburg v. Jennings, 5 How. 425; Andrews v. Powell, 41 Miss. 729; Wolley v. Bowie, 41 Miss. 553; Alabama Power Co. v. Jackson, 181 Miss. 691, 179 So. 571; Campbell v. Triplett, 74 Miss. 365, 20 So. 844. In some of the foregoing cases there were two or more defendants. none

being found in the county where the suit was brought, but the principles of these cases apply where there is only one defendant, and he is a resident citizen of another county.

Campbell v. Triplett, supra, was an attachment in the Circuit Court of Winston County, Mississippi. Attachment writs issued to Winston, Attala, and Leflore counties, and returned "no property found". Summons issued for defendant Campbell to Winston County and was not found, but he was served with summons in Leflore County. Judgment by default was entered against Campbell. Later he moved the court to set aside the judgment for want of jurisdiction. This Court, speaking through Judge Cooper, said: "None of the writs of attachment were served as such, and as writs of attachment they go for naught; no jurisdiction in the cause was therefore secured by seizure of the property of the defendant. The writ, as a summons, was served upon the defendant in another county, and on this service the circuit court of Winston County rendered judgment by default against him. The court had no jurisdiction over defendant, and the motion to vacate the judgment should have been sustained. The venue of civil actions of this class is in the county 'in which the defendants, or any of them, may be found,' and if no defendant is served with process in the county in which the suit is brought, the jurisdiction of the court does not attach. Wolley v. Bowie, 41 Miss. 553, Pate v. Taylor, 66 Ib., 97."

In 42 Am. Jur., page 44, Par. 52 appears this statement: "The process of a court which sits in a county may be served at any place within the county, but in the absence of a controlling practice provision, if an action to recover money judgment only is brought against a defendant in a county wherein he does not reside and cannot be served with summons the court does not acquire jurisdiction over his person by summons served on him in the county of his residence. If he has failed

to appear, a judgment rendered upon such service is void."

Permission to plaintiffs to select the situs of personal actions, not local, would often work great hardship and disadvantage to defendants. Conceivably the suit might be filed in this state three hundred miles from the county of the residence of such a defendant, necessitating large outlay of money for travel and other expenses, to defend the suit with resulting inability of such defendant to procure attendance of witnesses at the trial.

■■ Lovitt says that Bryant's remedy was to appear in the case and move for a change of venue to the county of his residence "before the jury is empaneled", as is provided in said Section 1433. There are two answers to that contention: ■■ First, the judgment, being null and void, could be attached directly or collaterally, anywhere and at any time, Duvall v. Duvall, 224 Miss. 546, 80 So. 2d 752) and, second, no jury was empaneled to try the issues in this case. The judgment was by default. Bryant did attack the judgment after its entry as is shown hereinafter. It might be added that the county court knew, when the default judgment was entered, that Bryant had not been served with process in Forrest County, and that the declaration, inadvertently or intentionally, had failed to state the county of his household and residence. The return of the sheriff on the summons to Jones County, stated the officer had left a copy of the summons with Mrs. Bryant at Bryant's "usual place of abode." The return of the sheriff of Jones County was copied into the judgment. ■■ Lovitt urges that Bryant, by his actions hereinafter set out, submitted himself to the jurisdiction of the court and waived venue of the action. That contention is grounded in this state of facts: As stated, the default judgment was taken against Bryant in the County Court of Forrest County on November 14, 1955. On February 21, 1956, writs of garnishment issued on that judgment to

the banker and employer of Bryant. Bryant says that was the first time he knew that he had been sued and the judgment had been taken in Forrest County. Both garnishees answered, admitting they owed Bryant certain stated amounts, and stating that he was a householder and resident citizen of Jones County and was entitled to certain exemptions, and suggested that Bryant be summoned. That was done.

On March 9, 1956, Bryant filed a motion, or a petition, in the case, attacking the legality of the summons which had been served upon his wife, averring, contrary to the return on the summons, that Mrs. Bryant refused to accept the summons. The petition stated that Bryant was in Jones County when the deputy sheriff said he served the summons, and asserted that he, Bryant, was available for personal service of the original summons. He stated that the original judgment of November 14 was null and void. He denied he owed the debt for which the suit was brought, and detailed his defense thereto. The petition prayed ''that on the hearing that said judgment be held null and void and set aside, and that he be permitted to plead to the original suit of the said Lovitt Equipment Company.'' On March 29, 1956, Lovitt answered Bryant's petition. He asserted the summons on the declaration was legal and that the default judgment of November 14 was a valid legal judgment and denied Bryant had any legal defense to the action.

On April 24, 1956, there was a hearing on the petition of March 9 and the answer thereto. It appears Bryant was not present. The judgment states the hearing was upon the petition and answer and the entire record, oral and documentary proof. The only oral proof appears to have been that of A. J. Davis, the deputy sheriff of Jones County, who served the original process, and who stated that the return on the process reflected the facts. The order adjudged that the garnishees owed Bryant the total sum of $937.46, and ordered them to pay that

amount to the clerk of the court. It adjudicated that the judgment of November 14 was a valid judgment, adjudging Bryant to be indebted to Lovitt in the total sum of $838.59 and interest and costs. It allowed Bryant an exemption of $200.00, and ordered the clerk, after payment of the costs, to pay the balance of the garnished funds to Lovitt, leaving Bryant owing Lovitt $191.16 based upon the total amount owing by Bryant according to the original judgment of November 14.

On May 5, 1956, Bryant filed another petition, again asserting that he was a resident and a freeholder of Jones County, and that Lovitt knew that. He averred he had never resided any place other than in Jones County. He repeated that no process had issued for him in Forrest County, and that he had not been legally served with process in Jones County; that the County Court of Forrest County never had jurisdiction to try the case and that the judgments of November 14 and April 21 were null and void, and that all of the proceedings subsequent to the judgment of November 14, based upon and growing out of that judgment, were also null and void.

On May 17, 1956, Lovitt moved the court to strike Bryant's petition of May 5. The motion re-asserted the legality of the judgment of November 14, and that the judgment of April 24 was also legal and valid; that no motion for new trial was made nor was an appeal taken from either judgment, and that Bryant had waived his right, if such right existed, to be sued in Jones County, and had made his appearance in the case in Forrest County, and had asked for affirmative relief, to-wit, for benefit of exemption, and that the judgment of April 24 had awarded him such exemption, and had also ordered the garnishees to pay to the clerk of the court the amounts they admitted to be owing by them to Bryant.

On the hearing of these matters counsel for Bryant contended before the court that all the proceedings had been based upon the original judgment of November 14,

including the garnishment proceedings, and that the original judgment was void, and all subsequent proceedings were also void, and all should be quashed. He offered to prove by Bryant that he was a resident freeholder of Jones County and had never resided in any other place. He proposed to prove by his wife that she refused to receive and accept the summons from deputy sheriff Davis. He then offered to disprove the account on which the suit was brought. The court refused to hear this evidence.

There were some other motions pertaining to the payment of the money by the garnishees not bearing upon the issues here involved. Finally, the court sustained the motion of Lovitt to strike the motion, or petition, of Bryant. Bryant appealed to the circuit court. That court affirmed the action of the county court. From that action of the circuit court Bryant appealed to this Court.

Lovitt urges on this appeal that, by the foregoing pleas and acts, Bryant appeared in the cause in such manner as to render the original judgment of November 14 legal and valid; that he, Bryant, thus submitted himself to the jurisdiction of the court so as to effectuate the validity of such judgment, citing, among other cases, King v. Ainsworth, 225 Miss. 248, 83 So. 2d 97; Perry v. Nolan & Maris, supra; Hawkins v. Hawkins, 208 Miss. 686, 45 So. 2d 271; Honeywell v. Aaron, 228 Miss. 284, 87 So. 2d 562. There is no doubt that one who is not in court, or of whom the court has no jurisdiction, may, by his appearance in the court, especially asking for affirmative relief, waive venue and lack of personal jurisdiction. But that effect does not come about here for the reason this entire proceeding is based upon the original void judgment of November 14. That judgment attempted to adjudicate all of the fundamental questions on the merits of the case—that is, whether Bryant was indebted to Lovitt. Without that adjudication all subsequent proceed-

ings were a nullity. That was the very basis of the law suit, and in all of the subsequent proceedings the court affirmed the validity of that judgment as the right to further proceed thereon. No subsequent judgment or order purported to set that judgment aside and re-adjudicate the fundamental issue whether or not Bryant owed Lovitt. It was not possible, by subsequent recitals, to reaffirm the validity of the final judgment. Subsequent proceedings could not breathe life into the prior dead judgment. Had that judgment been set aside and the matters relitigated after the appearance of Bryant in the case, as shown above, there would be a different question.

Reversed and remanded.

*Lee, Arrington, Ethridge* and *Gillespie, JJ.,* concur.