374 So.2d 230 (1979)
Norman Ray McKINNEY
v.
Betty Ester McKINNEY (Sullivan).
No. 51250.
Supreme Court of Mississippi.
August 22, 1979.
Lewis, Booker & Lewis, Thomas L. Booker, Jr., Philadelphia, for appellant.
Edward A. Williamson, Philadelphia, for appellee.
Before SMITH, P.J., and LEE and BOWLING, JJ.
BOWLING, Justice, for the Court:
This appeal is from the Chancery Court of Neshoba County. By decree of June 2, 1978, the chancellor found appellant in contempt of court for allegedly refusing to abide by an order of the court regarding child support. The decree further required appellant to pay to appellee the sum of $120 per month as child support and attorney's fees in the sum of $200. Appellant appeals from all provisions of the decree.
This litigation extends over a long period of time and a brief resume would be helpful. On November 27, 1963, the chancellor issued his decree granting appellee a divorce from appellant. The decree also awarded custody of two of the four children of the parties to appellee and the custody of the other two to appellant. Nothing was mentioned in the decree about child support.
In April, 1972, appellee filed her petition to modify the 1963 decree, alleging that she then had the actual custody of all four children and that appellant should be required to make periodic child support payments. A number of summons were issued to the Sheriff of Neshoba County to be served on appellant. All were returned "not found" until the return of August 22, *231 1972, from the Sheriff of Neshoba County, which recited:
I have this day executed the within writ on Norman Ray McKinney, the within named defendant, by leaving a true copy of the same at his usual place of abode in my county, with Mrs. Bertie McKinney, his mother, a member of his family above the age of 16 years, and willing to receive such copy.
After this return was made, at least several other summons were issued and returned with the defendant listed as being "not found." No appearance was made by appellant to the petition to modify. On November 27, 1972, the chancellor issued his decree granting permanent custody of all four children to appellee and requiring appellant to pay to appellee the sum of $100 per month as child support and the sum of $250 as attorney's fees.
The matter rocked on until December, 1974, when appellee filed a petition to cite appellant for contempt of court for failure to abide by the terms of the decree of November 27, 1972. Personal service was had on appellant on January 4, 1975, under this petition. Appellant filed an instrument styled "Motion in the Nature of a Plea in Abatement to Quash Process and Vacate Previous Decree Entered Thereon and to Dismiss Petition to Cite Defendant in Contempt of Court." The motion alleged that the decree of November 27, 1972, was void as he was never properly served with summons to answer the petition under which the decree was granted. By affidavit attached to his motion appellant stated that at the time of the alleged secondary service he was not a resident of Neshoba County, but was a resident of Jackson County.
By order dated June 4, 1975, the chancellor overruled the motion to quash process. In his order it was stated:
[T]he court being of the opinion that the secondary service of process upon the defendant on August 22, 1972, was ineffective as the court finds that the defendant was not a resident of Neshoba County, Mississippi, and the court further finding that the process is not fatally defective for failure to state that the defendant was not in Neshoba County and the court being of the further opinion that even though the secondary service of process was ineffective that the defendant has wholly and totally failed to show that he has a merit defense to the petition to modify the decree... .
No further action was taken in the proceedings except an order of continuance until January, 1978, when appellee filed a "Petition for Citation for Contempt and to Modify," in which she requested that appellant be cited for contempt of court for failure to abide by the decree of November 27, 1972. The petition further requested that child support payments be increased and a request for attorney's fees. Summons under this last petition was served personally on appellant on January 6, 1978. For some reason other summons were issued for appellant on the petition on January 31, February 3, and April 20, 1978. All of these were returned "not found."
On June 1, 1978, without appellant being present, a hearing was had and evidence presented by appellee. For some reason, not shown in the record, the original four children had increased to six, ages 20, 18, 16, 15, 12 and 9 years.
After the hearing, the chancellor issued his decree holding that appellant owed child support payments under the November 27, 1972, decree in the sum of $6,600, and finding appellant in contempt of court. He was ordered to be arrested immediately and incarcerated. The decree further provided that from thence forth appellant would pay to appellee the sum of $120 per month as child support and $200 for attorney's fees.
We first address ourselves to the part of the decree finding appellant in contempt of court and ordering him jailed. As hereinbefore stated, in 1975, appellant filed his motion to vacate the November 27, 1972, decree, contending it was void and a nullity as it was taken without legal summons being had upon him. Mississippi Code Annotated section 13-3-33 (1972) sets out the manner of executing a court summons and provides that,

*232 If the defendant cannot himself be found in the county, then by leaving a true copy of the process at his usual place of abode, with his wife or some other person of his family above the age of sixteen years, and willing to receive such copy.
As heretofore seen, the chancellor, in his order of June 4, 1975, overruling appellant's motion to quash the alleged secondary summons and void the decree, made a positive finding that the purported secondary service of process on defendant was void and "ineffective." Appellant's affidavit was that he was then residing in Jackson County. The chancellor obviously agreed with this undisputed proof. We therefore have a purported decree of November 27, 1972, requiring a payment of money without any summons whatever on appellant. The 1972 decree, therefore, was void and the lower court erred in overruling appellant's motion thereon. Bryant v. Lovitt, 231 Miss. 736, 97 So.2d 730 (1957); Sinquefield v. Valentine, 160 Miss. 61, 133 So. 210 (1931).
Appellee contends that the court's authority to consider the 1972 decree in the 1978 hearing was proper as appellant did not appeal the 1975 order overruling his motion to quash process. It is elemental that this order could not be appealed by appellant as it clearly was an interlocutory order. Therefore, we have the situation at the hearing on June 1, 1978, of the lower court basing his citation order on a completely void 1972 decree. The part of the June 1, 1978, decree finding appellant in contempt of court is reversed and rendered here.
As heretofore pointed out, the January, 1978, petition by appellee regarding the six children rather than the original four culminated in personal service being had on appellant returned to a day certain. As stated, an evidentiary hearing was had on this petition for child support and attorney's fees. The record shows that the lower court had abundant evidence to find that there had been such a change of circumstances since the decree of 1963 to require appellant to contribute toward the support of the children [either four or six]. He also had sufficient evidence on which to require appellant to pay attorney's fees in the sum of $200. Therefore, we affirm that part of the decree of June 1, 1978, requiring the appellant from that date to pay to appellee the sum of $120 per month toward the support of the children and the sum of $200 to appellee as attorney's fees.
REVERSED AND RENDERED IN PART; AFFIRMED IN PART.
PATTERSON, C.J., SMITH, and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and COFER, JJ., concur.