WALKER, Presiding Justice,
for the Court:
This is an appeal from the chancery court of the First Judicial District of Hinds County, wherein the chancellor held the appellant in contempt and ordered it to pay unto the appellees the sum of $8,150.00 to purge itself of said contempt. From this order the appellant perfected an appeal to this Court and assigns as error, inter alia, the following:
The Mississippi Bank was never made a party to the court decree under which it was found to be in contempt of court.
On May 24, 1974 Steve Randall Kelly, Sr. petitioned the chancery court for a decree appointing him as general guardian of the estate of Steve Randall Kelly, Jr. The petition listed the sole asset of the estate as an unliquidated claim for damages arising out of injuries sustained as a result of an overdose of Demerol while a patient at Hinds General Hospital. The decree was granted and letters of guardianship were issued on May 30, 1974. A requirement of thé decree was that the petitioner obtain a $50,000.00 guardian’s bond.
*850 Thereafter, Steve Randall Kelly, Sr., the guardian, petitioned the court for authority to compromise the unliquidated claim. Authority was granted and the claim was settled for $100,000.00. On May 30, 1974 the money was deposited in the Mississippi Bank in accounts styled “Steve R. Kelly, Sr., guardian of S.R. Kelly, Jr.” Authorized signatures were Steve R. Kelly, Sr. and William Selph, Mr. Kelly’s attorney.
On August 22, 1975, over a year later, Steve R. Kelly, Sr. filed in chancery court a petition for waiver of the guardian’s bond. That same day the chancellor entered a decree waiving the bond. The decree further provided “that the entire assets of the minor’s estate remain in Mississippi Bank and Trust Company in certificate of deposit 437 and Golden Savings Account 225-9500-3 and savings account # 125-9860-3 until such further order of this court shall be entered from time to time, and that no disbursements or withdrawals be permitted except upon direct order of this court.” A certified copy of this order was delivered to The Mississippi Bank by Mr. Kelly’s attorney.
Between December 24, 1980 and May 15, 1981 Steve R. Kelly, Sr. made withdrawals totalling $8,150.00 from two of these accounts. None of the withdrawals were authorized by the chancery court.
On August 7, 1981 Rebecca Ann S. Kelly petitioned the court for appointment as general guardian of the estate of Steve Randall Kelly, Jr. Her petition recited the fact that Steve R. Kelly, Sr., the former guardian, had since deceased. The chancellor then entered a decree appointing Mrs. Kelly as guardian.
Mrs. Kelly then filed a motion for citation for contempt against The Mississippi Bank. In her motion she alleged that The Mississippi Bank violated the August 22, 1975 court order when it allowed the former guardian, Steve R. Kelly, Sr. to make withdrawals without a court order. At a hearing on the motion both parties stipulated to the facts set forth above. The Bank, however, denied that it violated any court order in allowing the withdrawals.
After the hearing the chancellor found that the Bank had violated the court order in allowing Steve R. Kelly, Sr. to make the withdrawals. The chancellor then held The Mississippi Bank in contempt and ordered it to repay the funds wrongfully withdrawn in order to purge itself of said contempt.
On appeal the Bank urges reversal, contending first that it was never made a party to the court decree under which it was found to be in contempt for having allegedly violated.
The chancellor’s decree waiving the guardian’s bond and requiring that the funds not be withdrawn from the Bank without a court order was made pursuant to Mississippi Code Annotated section 93-13-17 (Supp.1983), which provides in pertinent part:
A guardian need not enter into bond, however, as to such part of the assets of the ward’s estate as may, pursuant to an order of the court in its discretion, be deposited in any banking corporation, building and loan association or savings and loan association in this state so long as such deposits are fully insured, such deposits there to remain until the further order of the court, and a certified copy of the order for deposit having been furnished the depository and its receipt acknowledged.
The appellees contend that this statute makes the court order binding upon the appellant Bank even though the Bank was neither served with process nor given an opportunity to be heard. We disagree.
In Sinquefield, v. Valentine, 159 Miss. 144, 132 So. 81 (1931) this court was faced with the question of whether a decree of the chancery court was binding upon a party who had no notice of the action. In that case the chancellor, under Section 1863, Code of 1930, held the appellant father to be an unsuitable parent for his two children and awarded custody to the children’s grandparents. Construing the section there involved, this court held:
It will be seen from a reading of this section that nothing is said with refer *851 ence to notice or service of summons to the opposing party in proceeding under this section, but such notice is required by the due process clause of the State Constitution and the Fourteenth Amendment to the Federal Constitution, and the provisions for summons are made in different cases in the chapter in the Code on process.
[[Image here]]
Where a statute does not expressly provide for notice and a hearing, other statutes must be looked to, and the process authorized under them should be had before a decree or judgment can be entered. The Legislature cannot dispense with such notice. The court, in all cases, must proceed upon notice and inquiry. It must hear before it can adjudge, and it must give an opportunity to persons affected by the judgment to be heard before it is rendered, or else the judgment does not affect them.
(emphasis added). 159 Miss. 149, 152, 132 So. 82, 83. The validity of this same chancery court decree was again in issue in Sinquefield v. Valentine, 160 Miss. 61, 133 So. 210 (1931). That case involved an appeal of the father from an order of the chancery court adjudging him to be in contempt when he failed to surrender custody of the children. Finding the custody decree void for failure to give the father an opportunity to be heard, this Court held that the chancellor was without power to hold the father in contempt.
More recently, in McKinney v. McKinney, 374 So.2d 230 (Miss.1979), this Court held that a defendant could not be adjudged in contempt for failure to follow a court order in an action where he had not been properly served with process.
In the case sub judice, the decree of the chancery court requiring that the guardianship funds not be withdrawn without court order was entered without giving the Bank notice and affording it an opportunity to be heard. Consequently, the order was void insofar as it affected the Bank. Applying the principles of Sinquefield and McKinney, supra, the Bank cannot be held in contempt for failure to abide by the chancery court’s decree.
It is not necessary for us to address the remaining assignments of error.
The judgment of the chancery court holding the appellant in contempt and imposing a fine against it in the sum of $8,150.00 is reversed and the judgment vacated without prejudice to appellee to pursue any other appropriate relief.
REVERSED WITHOUT PREJUDICE.
PATTERSON, C.J., ROY NOBLE LEE, P.J., BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.
SULLIVAN, J., not participating.