KING *v.* AINSWORTH

No. 39776 . November 7, 1955 83 So. 2d 97

*Gartin & Hester*, Laurel, for appellant.

*McFarland & McFarland*, Bay Springs, for appellee.

GILLESPIE, J.

This is a replevin suit wherein appellee, plaintiff below, obtained judgment for the possession of an automobile theretofore sold by appellee to appellant under a conditional sales contract, the terms of which were allegedly breached by non-payment of the last six installments.

Appellant contends that the venue of the suit was not in Smith County because no proof was offered that the automobile was found in Smith County or that appellant was found in Smith County. We think the record is sufficient both as to the property and as to the person, either of which, if found in the county, permits the suit to be brought therein under Section 2843 of the Mississippi Code of 1942. We do not set forth the evidence on the question of venue, it not being necessary to do so. Appellant made no objection to the jurisdiction of the court and filed no application for a change of venue. On the other hand, he not only submitted to the jurisdiction by participating in the trial, but invoked the jurisdiction of the Circuit Court of Smith County by filing a counterclaim for damages. This constituted a

waiver of any objection to the venue. 21 C.J.S., Courts, Sec. 109. █ Motion for a directed verdict is not a proper objection to venue.

 █ Appellant seeks to sustain his position by relying on the case of Stanley, et al v. Cruise, 134 Miss. 542, 99 So. 376. Whatever else may be said of that case, we need only point out that it was decided February 25, 1924, and since that date, Chapter 233 of the laws of 1944 has been enacted and provides: ''Where an action is brought in any circuit, chancery, county or justice of the peace court of this state, of which the court in which it is brought has jurisdiction of the subject matter, but lacks venue jurisdiction, such action shall not be dismissed because of such lack of proper venue, but on objection on the part of the defendant shall, by the court, be transferred to the venue to which it belongs.''

The court could not dismiss the suit. It could not transfer it absent an objection to the venue.

 █ Appellant complains that the court erred in sustaining objection to testimony offered by appellant to the effect that the conditional sales contract did not reflect the agreement of the parties, that whereas the contract showed an allowance of $750 for the trade-in, a Ford truck, when, in fact, the agreement between the parties was that in addition to the $750 allowed as shown by the conditional sales contract, the appellee would pay appellant $750 cash when the Ford truck was sold. The amount due on the conditional sales contract, according to appellee's contention, was less than the $750. The conditional sales contract in this case provided that ''no agreement, promise, representation, statement or warranty, either oral or written, express or implied, shall be binding on the holder unless expressly contained herein.'' The evidence was not admissible. Grenada Auto Company, et al v. Waldrop, 188 Miss. 468, 195 So. 491.

 █ The conditional sales contract provided for a balance due on the purchase price of the automobile of

$1888.92, payable in eighteen successive monthly payments of $104.94 each. The space provided for in the contract for the date of the first payment was left blank. Appellant contends that because of this, the note was due on demand; that no demand had been made; that there was no default; and the appellee was not entitled to immediate possession of the automobile when the writ was sued out. Appellant testified that he received a letter from appellee advising him that the first payment was due on December 1, 1951. The record clearly shows that appellant understood when the payments were to begin, and appellant paid accordingly until twelve payments were made, leaving six payments owing and two past due when the action was brought. There is no merit in this contention.

Appellant complains of one instruction, but we find that it contained no reversible error.

There is no issue worthy of discussion in the cross-appeal.

Affirmed on direct and cross-appeals.

*Lee, Kyle, Arrington* and *Ethridge,* JJ., Concur.