236 So.2d 743 (1970)
F.C. WOFFORD and R.L. Harmon
v.
CITIES SERVICE OIL COMPANY.
No. 45841.
Supreme Court of Mississippi.
June 8, 1970.
*744 Clyde Ratcliff, John P. Fox, Houston, for appellants.
Green, Green & Cheney, Jackson, for appellee.
ROBERTSON, Justice.
On November 21, 1966, Appellee, Cities Service Oil Company, brought suit in the County Court of the First Judicial District of Hinds County, Mississippi, against Robert G. Gilder, a resident citizen of Jackson, Hinds County, Mississippi, and Robert L. Harmon and F.C. Wofford, resident citizens of Houston, Chickasaw County, Mississippi. Gilder and Harmon were sued on open account and Wofford on a check that he had given for the full amount of the open account, which check had been dishonored because of insufficient funds.
Personal service of process was had on Harmon and Wofford on November 26, 1966, in Chickasaw County, Mississippi. Summons and alias summons were issued for Gilder to the Sheriff of Hinds County; the returns on both were that Gilder was not found in Hinds County. No service of process was ever had on Gilder.
On December 20, 1966, default judgment was taken in the County Court of Hinds County against Appellants R.L. Harmon and F.C. Wofford for $3,325.15. Prodded by writs of garnishment on this judgment, Harmon and Wofford finally on July 3, 1968, filed a motion to vacate the default judgment taken against them.
Appellants alleged in their motion that the default judgment taken on December 20, 1966:
"[I]s void for the reasons the Plaintiff joined a local Defendant, Robert G. Gilder, but failed to get service of process on said Defendant, and that in fact, two summons were issued for Robert G. Gilder and both were returned marked by the Sheriff of Hinds County `not found', and the Defendants, R.L. Harmon and F.C. Wofford were at all times resident citizens of Chickasaw County, Mississippi and were served with process in Chickasaw County and not in Hinds County, Mississippi, therefore, the Default Judgment was void against all persons for lack of jurisdiction."
The County Court of Hinds County on October 16, 1968, overruled the motion to vacate the default judgment. Appellants appealed to the Circuit Court of the First Judicial District of Hinds County, and the circuit court affirmed the judgment of the county court overruling the motion to vacate. Appellants thereupon appealed to this Court.
The only assignment of error that merits discussion is that the original default judgment *745 of the county court was null and void because no service of process was had on the Hinds County defendant, Robert G. Gilder.
This was a suit against joint defendants, one residing in one county and two in a different county. Under the authority of Section 1847 Mississippi Code 1942 Annotated (1956), original process was properly issued to Hinds County for Gilder and Chickasaw County for Harmon and Wofford.
Section 1433 Mississippi Code 1942 Annotated (1956) provides in part:
"Civil actions of which the circuit court has original jurisdiction shall be commenced in the county in which the defendant or any of them may be found, and if the defendant is a domestic corporation, in the county in which said corporation is domiciled, or in the county where the cause of action may occur or accrue except where otherwise provided * * *. If a citizen resident in this state shall be sued in any action, not local, out of the county of his household and residence, or if a public officer be sued in any such action, out of the county of his household and residence, although a surety or sureties, on his bond, or other joint defendant, sued, with him, be found or be subject to action in such county, the venue shall be changed, on his application, before the jury is impaneled, to the county of his household and residence, whether such suit is filed before or after such officer's term of office has expired." (Emphasis added).
In delineating the jurisdiction of the county court, Section 1604 Mississippi Code 1942 Annotated (Supp. 1968) provides in part:
"[A]nd it shall have jurisdiction concurrent with the circuit and chancery courts in all matters of law and equity wherein the amount of value of the thing in controversy shall not exceed, exclusive of costs and interest, the sum of Ten Thousand Dollars ($10,000.00). * * *"
Under the provisions of Sections 1433 and 1604, the Hinds County Court had jurisdiction of the subject matter. Venue jurisdiction is all that is involved in this case.
As to venue and what a defendant must do to correct it, Section 1441 Mississippi Code 1942 Annotated (1956) has this to say:
"Where an action is brought in any circuit, chancery, county, or justice of the peace court of this state, of which the court in which it is brought has jurisdiction of the subject matter, but lacks venue jurisdiction, such action shall not be dismissed because of such lack of proper venue, but on objection on the part of the defendant shall, by the court, be transferred to the venue to which it belongs." (Emphasis added).
In King v. Ainsworth, 225 Miss. 248, 251, 83 So.2d 97, 99 (1955), this Court construed Section 1441 and held:
"The court could not dismiss the suit. It could not transfer it absent an objection to the venue."
Then, in Ainsworth, et al. v. Blakeney, 232 Miss. 297, 305-306, 98 So.2d 880, 884 (1957), we said:
"In the case of King v. Ainsworth, [225 Miss. 248] 83 So.2d 97 [1955], we held that the question of venue is waived where a party makes no objection to the jurisdiction of the court and files no application for a change of venue.

"* * * Under our said general venue statute, Section 1433, Code of 1942, it is specifically required that an application for change of venue must be filed before the jury is empanelled.

"In the absence of timely objection by the defendants to the venue of Smith County, we think the question was not before the court and that the trial court *746 committed no error in retaining the venue in Smith County." (Emphasis added).
In this case default judgment was taken on December 20, 1966. The motion to vacate for lack of jurisdiction was not filed until July 3, 1968, over one and one-half years after default judgment was rendered.
We hold that timely objection was not made as specifically required by statute, that venue was thus waived, and that the judgment of the circuit court, affirming the judgment of the county court so holding, should be and is now affirmed.
Affirmed.
JONES, PATTERSON, INZER and SMITH, JJ., concur.