338 So.2d 1002 (1976)
Vickie Mechelle PALMER, a minor, by Dorothy Jean Palmer, next friend,
v.
J. Lee MANGUM.
No. 48829.
Supreme Court of Mississippi.
November 2, 1976.
*1003 Charles H. Ramberg, Brandon, for appellant.
McKinley, Zebert & McHann, Thomas L. Zebert, Pearl, for appellee.
Before GILLESPIE, C.J., ROBERTSON and LEE, JJ., and JAMES E. BOST, Commissioner.
JAMES E. BOST, Commissioner, for the Court:[1]
Vickie Mechelle Palmer, a minor, by next friend filed in the Chancery Court of Rankin County her petition for child support against J. Lee Mangum. The petition was styled "Vickie Mechelle Palmer, a minor, by Dorothy Jean Palmer, Next Friend", and was brought under the provisions of Mississippi Code Annotated section 93-9-9 (1972). The petition averred that Vickie was born to Dorothy Jean Palmer, March 24, 1968, and that J. Lee Mangum was the natural father, and concluded with a prayer that J. Lee Mangum be declared the father of Vickie and ordered to pay child support.
Mangum answered, and also demurred, urging that Section 93-9-9 prohibits the bringing of an action by the mother after the child has reached the age of one year, except upon certain conditions therein set out and not applicable in this case. The demurrer was sustained, Petitioner declined to plead further, and appeal was perfected.
Appellant contends that the court erred in sustaining the demurrer for these reasons:
(1) Under the Mississippi Uniform Law on Paternity, a suit brought by a minor by Next Friend is a suit by the minor and not a suit by the next friend; and
(2) Under the aforesaid Uniform Law, a minor may maintain an action against her father for child support.
We hold that this action was brought by the minor, not by the mother. Because of her tender years, the suit had to be instituted by a friend, and in this case, the friend was the natural mother. We reject the appellee's argument that by virtue of her appearance as next friend the mother was the real party in interest. The status of the mother as next friend was clearly set forth in the petition, and we find no prohibition against her appearance in that capacity.
While Section 93-9-9 limits the time during which the mother may commence proceedings thereunder to one year following birth of the child, the child is not subject by that Section to such limitation. This Court in Sandifer v. Womack, 230 So.2d 212 (Miss. 1970), citing Dunn v. Grisham, 250 Miss. 74, 157 So.2d 766 (1963), held that the one-year limitation imposed by Section 93-9-9 was a restriction on the right of the mother only. Thus, a minor may bring a suit for support against his putative father after the minor has attained the age of one year. This is true without regard to whether the child has become a dependent child under the law so *1004 that the welfare department is required to provide support.
We are of the opinion that the trial court erred in sustaining the demurrer of the appellee. The judgment is accordingly reversed and this cause remanded for a hearing on the merits.
REVERSED AND REMANDED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.
NOTES
[1] pursuant to Chapter 430, Laws of 1976. The above opinion is adopted as the opinion of the Court.