354 So.2d 794 (1978)
Christine GILLARD and Marietta Green, Defendants-Appellants,
v.
GREAT SOUTHERN MORTGAGE & LOAN CORPORATION, Plaintiff-Appellee.
No. 49859.
Supreme Court of Mississippi.
February 1, 1978.
*795 Kenneth Mayfield, Tupelo, for defendants-appellants.
C. Ashley Atkinson, McComb, for plaintiff-appellee.
Before PATTERSON, C.J., and ROBERTSON and BROOM, JJ.
PATTERSON, Chief Justice, for the Court:
This appeal concerns the jurisdiction of the County Court of Pike County.
Great Southern Mortgage & Loan Corporation, a nonresident corporation domiciled in Oakdale, Louisiana, brought suit in the County Court of Pike County, Mississippi, against Christine Gillard, an adult resident citizen of Calhoun County, Mississippi, and Marietta Green, an adult resident citizen of Marshall County, Mississippi. It alleged the defendants executed a promissory note to the plaintiff and were in default, wherefore judgment was demanded for the sum due, interest and attorney's fees.
Christine Gillard was personally served with process in Calhoun County and Marietta Green was personally served with process in Marshall County. Neither of the defendants responded to the process and a default judgment was entered against them in Pike County. Motivated by writs of garnishment based upon the judgment, they moved, subsequent to the adjournment of court, to vacate the judgment which was sustained by the court.
The judgment creditor, Great Southern Mortgage & Loan Corporation, appealed to the circuit court which reversed the county court, reinstating its original default judgment. Gillard and Green appeal to this Court.
The sole issue is whether the county court had venue jurisdiction of the appellants based upon their failure to respond to personal service of process. In deciding it we note the cause of action did not accrue, the defendants do not reside, nor was process served in Pike County. Additionally, it is conceded the suit was filed in such county for the convenience of the appellee and its attorney.
The appellants rely upon Bryant v. Lovitt, 231 Miss. 736, 97 So.2d 730 (1957), for reversal. There Bryant contended he had the right to be sued in the county of his residence and household as provided by Mississippi Code Annotated section 1433 (1942) [§ 11-11-3, Miss. Code Ann. (1972)]. We upheld this contention and rejected the argument that Bryant had waived venue by not moving for a change of venue to the county of his residence. It appears to us that Bryant is probably in point by analogy. However, there is a difference in the facts inasmuch as Bryant contended he did not have personal notice of the suit until writs of garnishment issued on the judgment to his employer. The returns in Bryant indicate his wife was served with process which he attacked averring she had refused to accept it. No issue of this nature presently exists because the defendants were personally served with process.
Nevertheless, the appellee concedes that Bryant, supra, must be overruled if it is to prevail. The argument is advanced that Bryant has been substantially eroded by Wofford v. Cities Service Oil Co., 236 So.2d 743 (Miss. 1970), and Leake County Coop (AAL) v. Dependents of Barrett, 226 So.2d 608 (Miss. 1969), leaving its holding in doubt.
*796 In Leake County Coop (AAL) the issue of venue jurisdiction was raised for the first time after the petitioners had participated in a workmen's compensation hearing, an appeal to the circuit court and to this Court. We held the Circuit Court of Leake County had jurisdiction on appeal from the Workmen's Compensation Commission although it initially lacked venue because the injury occurred in another county. After stating the difference between jurisdiction and venue, "[j]urisdiction connotes the power to decide a case on the merits, while venue connotes locality, the place where the suit should be heard," we held the movants had not seasonably filed for a change of venue and thereby waived it. We relied upon Mississippi Code Annotated section 1441 (1942) [§ 11-11-17, Miss. Code Ann. (1972)], the general statute for the decision:
... such action shall not be dismissed because of such lack of proper venue, but on objection on the part of the defendant shall, by the court, be transferred to the venue to which it belongs. (226 So.2d at 615)
We are of the opinion Leake County Coop (AAL) is not in point for the reason the present appellants did not participate in the lower court trial as was the case in the decision cited.
In Wofford, supra, a suit in Hinds County against a resident of such county and two residents of Chickasaw County, process was served in conformity with Mississippi Code Annotated section 1847 (1942) [§ 13-3-9, Miss. Code Ann. (1972)], the statute for process upon joint defendants of different counties. The Chickasaw County defendants were personally served, but summons and alias summons for the Hinds County defendant were returned "not found." Thereafter, default judgment was taken against the Chickasaw County defendants.
Over a year later the judgment debtors moved to set the judgment aside because the Hinds County court lacked venue jurisdiction. The motion was overruled and when the case reached this Court, we held it was not filed within the time frame of Mississippi Code Annotated section 1433 (1942) [§ 11-11-3, Miss. Code Ann. (1972)]. We relied upon Ainsworth v. Blakeney, 232 Miss. 297, 98 So.2d 880 (1957), and King v. Ainsworth, 225 Miss. 248, 83 So.2d 97 (1955), for the decision. These cases reannounced the principle that venue is waived where a defendant does not timely apply for a transfer. A review of these cases again reveals the defendants participated in the trials and to that extent both differ from the facts in Wofford and this case.
In Wofford the Chickasaw County defendants did not participate in the trial, but they were served with process pursuant to the statute for joint defendants of different counties and more importantly, there is no evidence or suggestion the declaration was filed in Hinds County to invoke the jurisdiction of its courts to the detriment of the Chickasaw County defendants. To the contrary, it appears to be a suit brought in good faith in a county wherein one of the joint defendants resided. It differs from the present suit which was filed in Pike County with full knowledge that neither of the defendants resided or would be found there. In our opinion, neither Leake County Coop (AAL), supra, nor Wofford, supra, is dispositive of this appeal.
In our research we have not found any case in which the plaintiff has intentionally filed suit in a county not the residence of the defendant or where it was known he would not be found for the purpose of obtaining venue jurisdiction contingent upon the defendant's failure to apply for transfer to the county of his residence. Bryant, supra, in our judgment, is not a satisfactory basis for this decision because its process was served upon the wife of the defendant, creating an issue not presently relevant and, as mentioned, neither Wofford, supra, nor Leake County Coop (AAL), supra, is dispositive of the issue.
Additionally, in deciding the issue, we do not determine the county court erred in its reliance upon Bryant v. Lovitt, 231 Miss. 736, 97 So.2d 730 (1957), in vacating the default judgment nor that the circuit court erred in reinstating it under Wofford v. Cities Service Oil Co., 236 So.2d 743 (Miss. *797 1970). The divergent judgments are the result of differing opinions of this Court which have arisen through the years, leaving their meanings in doubt. Neither do we hold or imply that this suit was not brought in good faith because an interpretation, not illogical, of our decisions lends considerable support to plaintiff's position.
In our opinion Mississippi Code Annotated section 11-11-3 (1972), applicable to the county courts through Section 11-9-1, must be construed to determine the legislative intention concerning venue. It provides in pertinent part:
Civil actions of which the circuit court has original jurisdiction shall be commenced in the county in which the defendant or any of them may be found, ... or in the county where the cause of action may occur or accrue except where otherwise provided, ... If a citizen resident in this state shall be sued in any action, not local, out of the county of his household and residence, ... the venue shall be changed, on his application, before the jury is impaneled, to the county of his household and residence... . (Emphasis added.)
The section's major theme is that civil actions shall be brought in the county in which a defendant may be found or the cause of action occurs or accrues. The defendant's right to be sued in accord with the statutory terms has long been construed to be valuable and substantial, not a mere technical right. Jefferson v. Magee, 205 So.2d 281 (Miss. 1967); Crosby v. Robertson, 243 Miss. 420, 137 So.2d 916 (1962); Long v. Patterson, 198 Miss. 554, 22 So.2d 490 (1945), and Trolio v. Nichols, 160 Miss. 611, 133 So. 207 (1931). The question actually presented is whether a plaintiff may intentionally bypass a mandate of the statute in order to invoke a later provision therein. We think it cannot because statutes must be construed in their entirety giving consideration to the words used as well as the purpose the legislature sought to accomplish by the enactment. Aikerson v. State, 274 So.2d 124 (Miss. 1973).
A study of the entire statute makes apparent, we believe, that the legislative purpose was to establish venue of a defendant in the county where he might be found, usually the county of his residence, or where the cause of action occurs or accrues. It also recognizes that mistakes will inevitably be made and that suits will be erroneously, but in good faith, filed in counties where the defendant cannot be found and where no cause of action arose. In that event the statute provides a saving clause designed to protect the defendant's right by mandating transfer of the suit to the county of his residence upon his application. Thus the defendant's valuable and substantial right is protected, first, by the statutory command that suit be brought in the county where he might be found or where the cause occurs or accrues, but if mistakenly sued elsewhere, provision is made for transfer. To hold otherwise would overlook a salient rule of construction that all parts of a statute are to be considered together and given effect if possible. Mississippi Public Service Comm'n. v. City of Jackson, 328 So.2d 656 (Miss. 1976), and McCaffrey's Food Market, Inc. v. Mississippi Milk Comm'n, 227 So.2d 459 (Miss. 1969), wherein we stated:
... it is also a rule of law that in its effort to construe a statute the courts must seek to ascertain the legislative intent of the statute in question as a whole, taking in consideration each provision of the statute on the entire subject ...
(227 So.2d at 463)
It is also the duty of a court to support a construction which would purge the legislative purpose of any invalidity, absurdity or unjust inequality. Quitman County v. Turner, 196 Miss. 746, 18 So.2d 122 (1944), and the cases cited therein. We do not think the legislature intended by Section 11-11-3 to authorize a plaintiff in a suit not local to bring it in any county court within the borders of the state conditioned upon the defendant's failure to respond to process for venue. To do so would permit a mischievous result of great inconvenience and expense to citizen defendants. In Bryant, supra, we stated:

*798 Permission to plaintiffs to select the situs of personal actions, not local, would often work great hardship and disadvantage to defendants. Conceivably the suit might be filed in this state three hundred miles from the county of the residence of such a defendant, necessitating large outlay of money for travel and other expenses, to defend the suit with resulting inability of such defendant to procure attendance of witnesses at the trial.
(231 Miss. at 742, 97 So.2d at 731)
We conclude the words of the statute, "venue shall be changed, on his application, before the jury is impaneled, to the county of his household and residence," have no application in the absence of bona fide and reasonable effort by a plaintiff to file his suit in the county where a defendant or one of them may be found or in the county where the cause of action may occur or accrue. This conclusion also has application to Section 11-11-17, the general statute on venue, since it must be read in pari materia with Section 11-11-3, the more specific statute.
The judgment of the circuit court is reversed and the judgment of the county court dismissing the default judgment is reinstated.
The cause was considered by a conference of the justices en banc.
REVERSED; THE COUNTY COURT JUDGMENT DISMISSING THE DEFAULT JUDGMENT IS REINSTATED.
INZER and SMITH, P. JJ., and ROBERTSON, WALKER, LEE and BOWLING, JJ., concur.
SUGG and BROOM, JJ., dissent.
SUGG, Justice, dissenting:
I am in sympathy with the majority opinion to the extent that it attempts to halt the practice of plaintiffs filing suits in courts chosen by them without regard to the place of residence of the defendant.
However, I must dissent because sections 11-11-3 and 11-11-17 Mississippi Code Annotated (1972) plainly provide that if an action is not filed in the county where venue lies, the action may be transferred only when the defendant objects. I doubt if the legislature intended for the statutes to permit a plaintiff to choose the court in which to file an action, which is not local; nevertheless, this is the effect of the statutes. Both statutes provide for a change of venue, and section 11-11-17 contains the further provision that an action will not be dismissed for lack of venue if the court has jurisdiction of the subject matter, but will be transferred, on objection of the defendant, to the venue to which it belongs.
The cases cited in the majority and dissenting opinions demonstrate a lack of consistency in construing the statutes. Rather than attempting to distinguish conflicting statements in these cases, I would prefer for the court to forthrightly exercise its rule making power to accomplish the result desired.
In Newell v. State, 308 So.2d 71, 76 (Miss. 1976) we stated:
We are keenly aware of, and measure with great respect, legislative suggestions concerning procedural rules and they will be followed unless determined to be an impediment to justice or an impingement upon the constitution. The inherent power of this Court to promulgate procedural rules emanates from the fundamental constitutional concept of the separation of powers and the vesting of judicial powers in the courts. Matthews v. State, 288 So.2d 714 (Miss. 1974); Gulf Coast Drilling & Exploration Co. v. Permenter, 214 So.2d 601 (Miss. 1968); and Southern Pacific Lbr. Co. v. Reynolds, 206 So.2d 334 (Miss. 1968), wherein the following is stated:
... The phrase `judicial power' in section 144 of the Constitution includes the power to make rules of practice and procedure not inconsistent with the Constitution, for the efficient disposition of judicial business. 206 So.2d at 335.
Clearly, under Newell, this Court has the authority to adopt a procedural rule which would accomplish the purpose of the decision *799 today. The rule should provide that if an action is filed in a county not having venue, and is transferred to a county having venue upon the application of the defendant, the expenses of the transfer shall be borne by the plaintiff. Requiring a plaintiff to bear the expenses of a transfer when he files an action in a county not having venue, would sufficiently deter plaintiffs from filing cases in counties of his choice rather than in counties having venue. Adoption of a procedural rule would accomplish the purpose of the majority opinion in this case.
BROOM, J., joins this dissent.
BROOM, Justice, dissenting:
Although the end result of the decision reached by the majority in this case is salutary, it was reached by resorting to judicial legislation unacceptable to me. I dissent and suggest that we should leave to the legislature its prerogative to amend our statutory law, or we should promulgate a rule, under our rule making authority, which would preclude "forum shopping" heretofore possible under our statutes.
As pointed out by the majority, Mississippi Code Annotated § 11-11-3 (1972), provides that an action such as was brought in the instant case "shall" be commenced in the county in which the defendant or any of them may be found (literal language of the statute). However, that same statute concludes by providing that when a resident defendant is sued in the wrong county his remedy is to have the venue changed "on his application." The decision from which I dissent in effect repeals that part of § 11-11-3 which provides for change of venue "on his application," and will encourage defendants to ignore and be unmoved by the solemnity of the process of our courts which commands them to respond.
§ 11-11-3 has been in effect for more than a hundred and twenty-five years and has been construed many times though never on identical facts. I am unwilling to reverse the ruling of the circuit judge that there was nothing wrong or impermissible in the action of a litigant (or counsel) who invoked an option as to venue legislated and established so long ago by the lawmakers who first enacted § 11-11-3. Over a century ago, Simrall, Justice, writing for the Court in Christian v. O'Neal, 46 Miss. 669, 675 (1872), stated that when sued in the wrong county the defendant should make "application" for a transfer, otherwise the court where suit is brought "could properly entertain jurisdiction and give judgment." Similarly, Cain v. Simpson, 53 Miss. 521, 524 (1876), held that where sued in the wrong county, for failure to move for a transfer, the defendant "submits to the jurisdiction, and waives his right." Neither of those cases has been overruled. Closely related and germane to the issue is Mississippi Code Annotated § 11-11-17 (1972), the latest statute on the subject. It does not purport to "command" or mandate where suits should be commenced but merely provides that if the court where the action is commenced has subject matter jurisdiction but lacks venue, such a suit "shall not be dismissed" (emphasis added), but be transferred to the proper venue "on objection" by the defendant. § 11-11-17 was recently discussed by Justice Gillespie (formerly Chief Justice) in King v. Ainsworth, 225 Miss. 248, 83 So.2d 97 (1955), on different facts, but states the clear meaning of the statute: "The Court could not dismiss" or even transfer the action absent any objection to venue. (Emphasis added).
Wofford v. Cities Service Oil Co., 236 So.2d 743 (Miss. 1970), is our latest pronouncement on the issue raised here. There the decision written by Justice Robertson, and concurred in by four other justices (three of whom and Robertson, J., are still on the Court), stated in clear and unmistakable language that venue may be waived by failure of the defendant to object prior to entry of a default judgment. Wofford is said to be factually distinguishable because there a defendant resided in Hinds County, in which county the suit was brought. However, the judgment was not against the Hinds County defendant but was against other defendants only, who did not reside in and were not shown to have *800 any connection with Hinds County. As to the Hinds County defendant, no process was served upon him and how he (without process and without entering his appearance) added to jurisdiction in Hinds County in that case is yet unexplained. Therefore, in my opinion, there is no logical factual distinction to be made between Wofford and the instant case, and any such distinction is more artificial than real. In deciding the instant case, the circuit judge relied (correctly, I think) on Wofford and demonstrated sound reasoning when he ruled:
The County Court of Pike County had no authority to dismiss the cause as section 11-11-17 of the 1972 Code provides that if the Court lacks venue jurisdiction, such action shall not be dismissed because of such lack of proper venue... .
Although the case should properly have been brought in either Calhoun County or Marshall County, the county of the residence of one of the defendants . .., still venue may be waived by the defendants' failure to object thereto.
Whether it is wise or unwise to permit a lawyer to go "forum shopping" and file a suit, as occurred in this case, in a county where neither litigant has any particular connection or may be found should properly be left for another branch of the government (the legislature) to deal with. The Court should not intrude into any arena other than our very own.
According to the majority, the "statutory command" of § 11-11-3 is to bring a suit in a county where a defendant may be found. Is it any less commanding where, as stated in the last sentence of the statute, "venue shall be changed on his application . .?" I think not. Looking at § 11-11-3 alone may possibly leave doubt about the matter. The other statute, § 11-11-17, enacted ninety-two years after the enactment of § 11-11-3, has no "command" as to where a suit shall be commenced. However, it positively and clearly "commands" that the "action shall not be dismissed because of such lack of proper venue" (emphasis added), but "shall ... be transferred" to the proper venue at the instance of the defendant. Where different constructions or meanings may be attributed to any one of several statutes, the general rule is that the most recent statute will control: § 11-11-17 here.
The last paragraph of the majority opinion holds, in effect, that the language in § 11-11-3, "venue shall be changed, on his application ..." is inoperative absent a bona fide and reasonable effort by a plaintiff to file his suit in a county where a defendant may be found. Does this language mandate trial judges to impede the management of their dockets in favor of defaulting defendants who make no response to personal service of process (as was true of both appellants herein) and conduct some sort of hearing, and have witnesses produced to establish such "bona fide and reasonable effort" on the part of the plaintiff? Must the declaration or pleading allege compliance with the newly required "bona fide and reasonable effort" ingredient of newly defined "jurisdiction"? Such an interpretation reads into the statute a requirement not even suggested or hinted by the draftsman who chose the words of the statute; also, such has never been suggested in prior decisions of the Court. The decision of this case will saddle trial judges with meticulous new burdens and thwart their efforts to cope with crowded dockets.
Another unanswered question which arises is: "What constitutes such bona fide and reasonable effort?" No doubt there will be test cases to have it judicially defined. Finally, the majority decision holds that § 11-11-17 must not apply even though it states such action "shall not be dismissed because of such lack of proper venue, but on objection ..." absent the new "bona fide and reasonable effort" which has now been written into the statute by this Court. The reading into § 11-11-17 of the "bona fide and reasonable effort" aspect is totally lacking in logic and is contrary to every comment on it that appears in any decision ever rendered by this Court.
The opinion discusses distance, expense, and inconvenience to which a defendant *801 would be put in responding to process from a county remote from where the defendant may be found. It is not seen how such a "mischievous result" might occur when filing a simple motion or objection by the defendant is all that would be necessary to effectuate transfer of the cause. The "great hardship", "disadvantage", and "large outlay of money for travel . ." mentioned in Bryant v. Lovitt, 231 Miss. 736, 97 So.2d 731 (1957), and quoted in the majority opinion, simply could not apply to a simple motion or objection which either defendant in the present case could have filed under § 11-11-3, or § 11-11-17, and obtained transfer of the cause.
Perhaps desirable results will be accomplished as a result of the majority decision which "put the monkey wrench" to two statutes correctly construed by a trial judge who interpreted them precisely as this Court directed in Wofford. In doing so, the Court has legislated by judicial fiat and, therefore, with all deference, I cannot concur, although I agree that § 11-11-3 and § 11-11-17 should be amended to conform to the result reached in this case. The preferable remedy would be to request the legislature to enact appropriate legislation, as we do from time to time. Rather than do what has been done, here, a much more desirable process (if we could not at least wait upon the legislature for a reasonable time, as I think we should) would be to promulgate a rule to take care of the problem. Such an action would be permissible within our inherent rule-making powers, and would be preferable to the strained interpretation a majority has placed upon the statutes. Newell v. State, 308 So.2d 71 (Miss. 1975).
SUGG, J., joins in this dissent.