473 So.2d 447 (1985)
Otis Lee BELK
v.
STATE DEPARTMENT OF PUBLIC WELFARE, State of Mississippi.
No. 55591.
Supreme Court of Mississippi.
July 24, 1985.
W. Howard Gunn, Aberdeen, for appellant.
Edwin A. Flint, Jr., Columbus, for appellee.
Before WALKER, P.J., and PRATHER and SULLIVAN, JJ.
SULLIVAN, Justice, for the Court:
This case presents an issue of the interpretation of our statutes and the Mississippi *448 Rules of Civil Procedure as they apply to the sometimes troublesome issue of venue.
The State Department of Public Welfare, under the authority of Mississippi Code Annotated § 43-19-31 (Supp. 1984) (child support unit procedure), and Mississippi Code Annotated § 93-9-9 (1972) (bastardy procedure), filed an action in the Chancery Court of Lowndes County against Otis Lee Belk alleged to be a Lowndes County resident. The suit sought to declare Belk the father of an illegitimate child and to order him to support that child. Subsequent events were to show that Belk was and always had been a resident of Clay County.
On September 15, 1982, service of process was had upon Belk by the sheriff of Clay County, Mississippi. Belk made no response, and on January 3, 1983, an entry of default was made against him by the Lowndes County Chancery Clerk. On February 1, 1983, the chancellor granted a default judgment declaring Belk the natural father of the child and ordering him to pay child support of $100.00 per month.
On May 30, 1983, the department moved to cite Belk for contempt as no support had ever been paid.
On July 28, 1983, Belk filed a motion to dismiss the contempt and the underlying default judgment of paternity and support on the theory that venue under the paternity statute, Mississippi Code Annotated § 93-9-17 (1972) was in Clay County and therefore the Lowndes County judgment was void.
The department sought a summary judgment that Belk had waived venue (his right to be sued in Clay County) when he neither responded to the action nor objected to the venue in Lowndes County.
After a hearing, the chancellor overruled Belk's motion to dismiss and granted the motion of the Department of Public Welfare for a summary judgment that Belk had waived venue by his failure to timely object.
In his opinion, the chancellor found that under § 93-9-17 Belk had a right to be sued only in Clay County. The chancellor then found that this case was controlled by the Mississippi Rules of Civil Procedure and that Rule 82(d) Miss.R.Civ.P. adopted the dissent in Gillard v. Great Southern Mortgage and Loan Association, 354 So.2d 794 (Miss. 1978). Therefore, based upon Rule 82(d), Belk's proper remedy, in vindication of his venue right, was to timely object to the improper venue and move to transfer to Clay County at the cost of the Welfare Department.
Treating the motion to dismiss as an objection to venue, the chancellor then found that it was not timely filed and that venue had been waived.
On appeal, Belk contends that the chancellor has overruled Gillard and repealed Mississippi Code Annotated § 93-9-17, which provides in pertinent part:
An action under § 93-9-1  § 93-9-49 may be brought in the county where the alleged father is present or has property; or in the county where the mother resides; or in the county where the child resides. However, if the father resides or is domiciled in this state, the action must be brought in the county where the father resides.
Belk argues that Rule 82(d) merely replaces Mississippi Code Annotated § 11-11-17 (Supp. 1984), and adds to it that the plaintiff will bear the burden of transfer expenses in the event the plaintiff brought an action that might properly have been filed in more than one county in the wrong county. Furthermore, Rule 82(d) does not take effect until the defendant objects to the improper venue. Belk then argues that Mississippi Code Annotated § 93-9-17 is not listed in Appendix B of the Miss.R. Civ.P. as having been supplanted by those rules. He contends that § 93-9-17 specifically provides mandatory procedures governing venue in illegitimacy proceedings. If this reasoning be correct, then the ruling of the chancellor is in error and must be reversed.
Belk relies upon Gillard, in which this Court held that venue was not waived and reversed a default judgment where the defendants were sued in a county not of their *449 residence by a plaintiff for the plaintiff's own convenience. Plaintiff knew that neither defendant resided there and the cause of action did not accrue there. In Gillard, we interpreted Mississippi Code Annotated § 11-11-17 (Supp. 1984) to hold that where a plaintiff failed to make a bona fide reasonable effort to file suit in the county where the defendant resided venue was not waived.
Belk also places great reliance in another pre-Rules case, Metts v. State Department of Public Welfare, 430 So.2d 401 (Miss. 1983), in which this Court, speaking through Justice Prather, addressed the question of venue in a paternity proceedings similar to the case sub judice. In Metts, the alleged father, a resident of Winston County, was sued in the Chancery Court of Hinds County in exactly the same type proceeding as in this case. Default was entered against the defendant and he appealed and raised as one issue on appeal the failure of the plaintiff to sue the defendant in the county of his residence. We gave the following interpretation of Mississippi Code Annotated § 93-9-17:
The venue of a bastardy proceeding under § 93-9-9 is as follows:
An action brought under § 93-9-1  § 93-9-49 may be brought in the county where the alleged father is present or has property; or in the county where the mother resides; or in the county where the child resides. However, if the father resides or is domiciled in this state, the action must be brought in the county where the father resides. (Miss. Code Ann. § 93-9-17 (1972) ... Thus, when a party filed a law suit based on these two statutes, compliance with § 93-9-17 is required.
The thrust of the argument of Belk is that venue in a paternity action is jurisdictional and as such it cannot be waived. If this is true, Rule 82(d) of the Miss.R.Civ.P. is inapplicable.
It is true that in certain instances we have recognized a concept of geographical jurisdiction. In Ross v. Ross, 208 So.2d 194 (Miss. 1968), this Court held such notion applicable in divorce actions. In Green v. Winona Elevator Co., 319 So.2d 224 (Miss. 1975), a suit to set aside a fraudulent conveyance of soybeans, we held that Mississippi Code Annotated § 11-5-1 (1972), required that the suit be brought in the county where the real or personal property was located. Geographical jurisdiction, therefore, was based on the location of the property, not the parties. By statute, there are many other actions which may be brought only in the chancery or circuit court of Hinds County, Mississippi.
Venue, however, has always been a personal privilege which can be waived when the action is "in personam". The only exception to this rule is when, by statute, the place where the action is to be heard is deemed jurisdictional, the primary examples of which are divorce actions, and actions dealing with property.
To determine proper venue in this case, three statutes must be interpreted. The general chancery venue statute, Mississippi Code Annotated § 11-5-1 (1972), provides:
Suits to confirm title to real estate, and suits to cancel clouds or remove doubts therefrom, shall be brought in the county where the land, or some part thereof, is situated; suits against executors, administrators, and guardians, touching the performance of their official duties, and suits for an account and settlement by them, and suits for the distribution of personalty of decedents among the heirs and distributees, and suits for the payment of legacies, shall be brought in the chancery court where the will was admitted to probate, or letters of administration were granted, or the guardian was appointed; other suits respecting real or personal property may be brought in the chancery court of the county in which the property, or some portion thereof, may be; and all cases not otherwise provided may be brought in the chancery court of any county where the defendant, or any necessary party defendant, may reside or be found; and in all cases process may issue to any county to bring in defendants *450 and to enforce all orders and decrees of the court.
This is the most general of chancery venue statutes in its relation to the individual defendant in an in personam action. It provides that an action may be brought in any county where a defendant may reside or be found. There is no mandatory requirement that it be brought in a particular county.
We must next consider Mississippi Code Annotated § 93-9-17 (1972), the paternity venue statute. It states:
An action under § 93-9-1  § 93-9-49 may be brought in the county where the alleged father is present or has property; or in the county where the mother resides; or in the county where the child resides. However, if the father resides or is domiciled in this state, the action must be brought in the county where the father resides.
This provides three possible venues for paternity proceeding but mandates that a resident putative father is entitled to be sued in the county where he resides.
The third statute we must consider is Mississippi Code Annotated § 43-19-31 (Supp. 1984). This is the statute that created the child support unit within the State Department of Public Welfare. This statute allows the institution of proceedings in the name of the State Department of Public Welfare or in the name of the recipient "in any court of competent jurisdiction in any county where the mother of the child resides or is found, in the county where the father resides or is found, or in the county where the child resides or is found; ..." In our opinion, the conflict between these three statutes has been authoritatively settled by the opinion of Justice Prather in Metts v. Department of Public Welfare. In that case, Metts properly objected to the improper venue and we remanded the case to the county of his domicile for a determination of paternity. We did not hold that the paternity venue statute, however, was mandatory. The effect of our ruling in Metts was that the defendant in a paternity action has the right to be sued in the county in which he resides. We did not hold that he could not waive that right and we readily foresee circumstances in which a defendant in an action for paternity would prefer to waive his right to be sued in the county of his home in such an action in favor of defending himself from such charges in some county far removed from his home where the mother or the child might reside.
Of great importance in this case is the fact that this entire action was brought after the effective date of the Mississippi Rules of Civil Procedure. This importance is apparent when the rules regarding venue are examined. Rule 82(d) deals with improper venue. The thrust of the rule is that when an action is filed laying venue in the wrong county, the action shall not be dismissed, but the court, on timely motion, shall transfer the action to the court in which it might properly have been filed and the case shall proceed as though originally filed therein. The expenses of the transfer shall be borne by the plaintiff. The plaintiff shall have the right to select the court to which the action shall be transferred in the event the action might properly have been filed in more than one county. The last sentence of Rule 82 does not apply to our situation, but instead applies to those cases in which improper venue was laid and there are two or more counties in which the suit could properly have been filed.
Rule 12 Miss.R.Civ.P. provides the method by which the question of improper venue may be raised. Rule 12(b) states that every defense, in law or fact, to a claim for relief in any pleading whether a claim, counterclaim, crossclaim or third party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (3) improper venue. Further, Rule 12(h) concerning waiver or preservation of certain defenses, sets forth in 12(h)(1) that a defense of lack of jurisdiction over the person, improper venue, ... is waived (A) if omitted from a motion and the circumstance is described in (g) or (B) if it is *451 neither made by a motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course. It is to be noted that the Chancery Court of Lowndes County did not lack jurisdiction over the subject matter nor did it lack jurisdiction over the person of the defendant Belk. The only issue that could have been raised was improper venue. If we assume that Belk's motion to dismiss was in fact a 12(b)(3) motion, then the question becomes, was it timely and was it a proper vehicle?[1]
Stated simply, the conflict is whether Belk must apply for a change of venue or whether the Welfare Department is required to bring the paternity action in the county of Belk's residence.
We begin with the basic premise that venue may be waived. See Leake County Coop. (A.A.L.) v. Dependents of Barrett, 226 So.2d 608, 616 (Miss. 1969); King v. Ainsworth, 225 Miss. 248, 83 So.2d 97 (1955). There are exceptions to this rule. The language of Metts would appear to hold that in a paternity action against a resident of the state of Mississippi it is mandatory that the action be brought in the county where the father resides. This is not actually the case.
It is important to note that in Metts the default judgment was set aside on other grounds. Our discussion of venue was not essential to the determination of that case. Because we remanded Metts for a trial, and the issue of venue would be before the trial court on the remand, this Court took the opportunity to point the trial court in the way it should go.
In attempting to harmonize the conflicting statutes and our case law, and recognizing that our Rules of Civil Procedure control within their scope and ambit, the most reasonable interpretation that we may give is that when a defendant is sued in both a paternity proceeding and a support proceeding, under §§ 93-9-17 and 43-19-33, the putative father has a right to have the case heard in the county in which he resides, if he is a resident of the state of Mississippi. The defendant must timely assert that right via a Rule 12(b)(3) motion, and his failure to do so amounts to a waiver. This is consistent with our pre-Rules case of Wofford v. Cities Service Oil Co., 236 So.2d 743 (Miss. 1970). Foreshadowing the approach taken by our Rules of Civil Procedure, Wofford announced the principle that venue is waived where a defendant does not timely apply for a transfer. Here, as in Wofford, there is no suggestion that the action was filed in Lowndes County to invoke the jurisdiction of its Court to the detriment of the Clay County defendant. In fact, the same chancellor presides in Clay County that presided over this trial in Lowndes County.
For the reasons stated the chancellor was correct in his finding that venue was waived because Belk did not timely object to the improper venue. Rules 12(b)(3) and 12(h)(1), Miss.R.Civ.P. The decision of the chancery court is, therefore, affirmed.
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and ANDERSON, JJ., concur.
NOTES
[1] It would appear that Rule 60(b)(1), (2) or (6), which provides for relief from judgment or order would have been the proper rule to be applied by Belk under the circumstances of this case.